EDWIN A. LOMBARD, Judge.
hThe plaintiffs/appellants, William Springer and Building Inspection Services, Inc. (BISI), appeal from the judgment of March 7, 2005, wherein the trial court sustained the defendant’s exceptions of no cause of action, no right of action, and prescription.

Relevant Facts and Procedural History

On November 16, 1992, the plaintiffs filed an action[1] against the Louisiana Professional Engineering and Land Surveying Board (“the Board”) seeking to appeal a disciplinary decision by the Board against Springer and BISI for purporting to be a civil engineer for structural opinions in a home inspection report. On January 15, 1993, the Board filed its answer. The following year, on October 4, 1994, the Board moved to dismiss the action and Springer filed an opposition to the motion on October 10,1994. Three years later, on June 30, 1998, Springer filed a pleading entitled “Motion to Assign Motion for Summary Judgment for Trial.” No further pleadings were filed in prosecution or defense of 12the case until October 6, 2003, when Springer filed an “Ex Parte Motion to Dismiss Pursuant to La. [Code Civ. Proc. art.] 561,” contending that the action should be deemed abandoned because no action had been taken in the prosecution or defense of the case since August 1998. The district court granted the motion on October 9, 2003, dismissing the action.
On March 11, 2004, Springer filed the instant action seeking to have the judgment of October 9, 2003, declared a nullity, arguing that the dismissal was obtained through the “ill practice” of his attorney without his permission. In response, the Board filed exceptions of insufficiency of service of process, no cause of action, and prescription. The district court sustained the Board’s exception of no cause of action and granted Springer 30 days to amend his petition. In his amended petition, Springer reiterated that his attorney’s ill practices led to the judgment of October 9, 2003, and alleged that settlement discussions between his attorney and the Board’s attorney induced his former counsel to believe that an agreement had been reached which constituted ill practices on the part of the Board. The Board again filed exception of no cause of action, prescription, and no right of action. The district court sustained the exceptions on March 7, 2005, dismissing the action with prejudice.
On appeal, Springer raises three assignments of error: (1) the trial court erred when it found there was no contract between Springer/BISI and the Board; (2) the trial court erred when it found there was no breach of contract between liiSpringer/BISI and the Board; and (3) *154 the trial court erred when it granted the Board’s exceptions of no cause of action, prescription, and no right of action.

Discussion

La.Code Civ. Proc. art. 561 provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(8) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs • service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall filed a certificate pursuant to Article 1913(D).
(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
* * * *
C. An appeal is abandoned when the parties fail to take any step in its Prosecution or disposition for the period provided in the rules of the appellate court.
La.Code Civ. Proc. art. 561.
“Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and is effective without court order.”[2] Clark v. State Farm Mutual Automobile Insurance Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. Once abandonment occurs, no action by the plaintiff or inaction by the defendant can revive the abandoned action. Clark, 785 So.2d at 789 (citations omitted).
In this case, inaction by the parties for the legislatively ordained three-year period (which ended on or about June 30, 2001) and the subsequent acknowledgement of the abandonment by plaintiffs ex parte motion to dismiss irrefutably demonstrates that the original case was abandoned. Abandonment does not constitute fraud or ill practices and, accordingly, La. Code of Civ. Proc. art.2004[3], is inapplicable and cannot serve to revive the original action. See Fineran v. O’Connor, 410 So.2d 273, 275-276 (La.App. 4th Cir.1982) *155 (rejecting conduct of petitioner’s own attorney as basis for nullity action); see also Johnson v. Welsh, 334 So.2d 395, 397 (La.1976) (rejecting inaction of defendant’s attorney as a basis for setting aside judgment of default). Likewise, settlement discussions do not constitute a step for purposes of interrupting abandonment. Clark, 785 So.2d at 790; see also Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983) (ongoing discussions legally are insufficient to stop abandonment of lawsuit). Because Springer’s original lawsuit was clearly abandoned and could not be revived by the instant nullity action there is no merit in Springer’s argument that the district court erred in sustaining the defendant’s exception of no cause of action.
Pursuant to La. Civ.Code art. 3463, an interruption of prescription resulting from the fifing of a lawsuit is considered never to have occurred if the plaintiff abandons, voluntarily dismisses or fails to prosecute the lawsuit. The prescriptive | ¡^period for administrative appeals is thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, thirty days after the decision thereon. La. Rev.Stat. Ann. § 49:964(B). As such, Springer’s underlying claim against the Board is clearly prescribed. Accordingly, there is no merit to his argument that the trial court erred in sustaining the Board’s exception of prescription.

Conclusion

Because the exceptions of no cause of action and prescription were properly sustained by the district court, we need not consider the plaintiffs’ other assignments of error. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiffs.
AFFIRMED.

. The lawsuit was entitled “'William A. Springer and Building Inspection Services, Inc v. Louisiana Board of Registration for Professional Engineers and Land Surveyors,” No. 92-19619, Division "1”, Civil District Court for the Parish of Orleans.

. Three requirements are imposed upon a plaintiff pursuant to Article 561. First, plaintiffs must take some "step” towards prosecution of their lawsuit. In this context, a "step” is defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party Clark, 785 So.2d at 784.

. La.Code Civ. Proc. art.2004 provides that a "final judgment obtained by fraud or ill practices may be annulled” by an action brought within one year of the discovery of fraud or ill practice by the plaintiff.