957 So.2d 216 (2007)
Dana ESCOFFIER
v.
The CITY OF NEW ORLEANS, New Orleans Police Department and ABC Officers.
No. 2006-CA-1005.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 2007.
*217 Keith Couture, Law Office of Keith Couture, Mandeville, LA, for Plaintiff/Appellant.
Penya Moses-Fields, City Attorney, Albert Thibodeaux, Chief Deputy City Attorney, Heather M. Valliant, Assistant City Attorney, Shawn Lindsay, Assistant City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Plaintiff-Appellant Dana Escoffier appeals the trial court's grant of an Exception of Prescription in favor of Defendants-Appellees, the City of New Orleans, the New Orleans Police Department, and ABC Officers. We affirm.
FACTS
Appellant Dana Escoffier (hereafter "Appellant") filed a lawsuit against the City of New Orleans, the New Orleans Police Department, and Officers ABC (hereafter collectively "Appellees") on May 20, 1996, alleging that Appellees failed to respond appropriately to his 911 emergency call that his vehicle was being stolen on May 28, 1995.[1]
*218 PROCEDURAL HISTORY
On January 30, 2004, the Civil District Court for the Parish of Orleans issued an order dismissing Appellant's case as of July 23, 2002. The dismissal was also stamped with a certification verifying that the last item on the docket for that case (i.e., the last step in the prosecution or defense of the case) was the "Defendant's Witness List" filed on July 13, 1999. The order dismissing the case as of July 23, 2002 was then served on Appellant February 6, 2004.
On February 25, 2004, Appellant filed a second petition for damages, and Appellees filed a Peremptory Exception of Prescription on May 3, 2004. After a hearing on October 8, 2004, the trial court signed an order granting the exception on June 20, 2005. This appeal followed.
STANDARD OF REVIEW
Whether Appellant's suit was abandoned is a question of law. Olavarrieta v. St. Pierre, 04-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. This Court has held that with regard to suits that have been deemed abandoned, the standard of review of the appellate court is simply to establish whether the lower court's interpretive decision is correct. Meyers ex rel. Meyers v. City of New Orleans, 05-1142, p. 2 (La.App. 4 Cir. 5/17/06), 932 So.2d 719, 721 (citing Olavarrieta, supra).
DISCUSSION
Appellant, in his sole assignment of error, contends that the trial court improperly ruled on Appellees' Exception of Prescription "by calculating the time before the judgment became final." We disagree.
It is well settled in Louisiana that a suit is abandoned when either party fails to take steps in furtherance of the prosecution or defense of the case for at least three years. La. C.C.P. art. 561(A)(1); Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. Accordingly, no action by the court is required for abandonment to occur; abandonment is self-executing. La. C.C.P. art. 561(A)(2); Clark, 00-3010, p. 6, 785 So.2d at 784.
Abandonment is governed by La. C.C.P. art. 561, which provides, in pertinent part:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
*219 La. C.C.P. art. 561 (emphasis added). Thus, the Appellant, seeking a remedy for the dismissal due to abandonment, had two clear options: either file a motion with the trial court to set aside the dismissal within thirty days of the order, La. C.C.P. art. 561(A)(3), or file an appeal of the dismissal within sixty days of the order. La. C.C.P. art. 561(A)(4). Appellant in this case did neither.
Additionally, although filing suit generally interrupts prescription, LSA-C.C. art. 3462[2], filing a subsequent suit does not interrupt prescription when the initial suit has been ordered abandoned:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.
LSA-C.C. art. 3463 (emphasis added); Baham v. Medical Center of Louisiana at New Orleans, 2000-2022, p. 8 (La.App. 4 Cir. 7/11/01), 792 So.2d 85, 90 (citing Tug Alamo Inc. v. Electronic Service Inc., 275 So.2d 419 (La.App. 4 Cir.1973)).[3] Moreover, "[o]nce abandonment occurs, no action by the plaintiff or inaction by the defendant can revive the abandoned action." Springer v. Louisiana Bd. of Registration, XXXX-XXXX, p. 4 (La.App. 4 Cir. 3/15/06) 929 So.2d 152, 154 (citing Clark, 785 So.2d at 789). Appellant's lawsuit could thus not be "revived" in this case by simply re-filing another petition for damages.
We conclude that, under these facts, the trial court properly found that filing a separate petition for damages did not serve to interrupt prescription and appropriately ordered the case abandoned and dismissed as of July 23, 2002. In this case, once the accrual of abandonment automatically occurred, any interruption of prescription for the 1996 suit was deemed to never have occurred. Roberts v. New Orleans Symphony, 2003-2206, p. 4 (La.App. 4 Cir. 9/1/04), 883 So.2d 452, 456; La. Civ.Code art. 3463. Accordingly, the only method by which Appellant could have interrupted or suspended prescription for the 1996 suit via a new petition for damages would have been to file the new lawsuit prior to July 23, 2002. Because Appellant did not file a new petition until February 25, 2004, the only other available alternatives would have been to appeal the dismissal within sixty days of the February 6, 2004 judgment, or file a motion to set aside the dismissal within thirty days of the judgment; Appellant attempted neither. Therefore, we find that this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment granting the exception of prescription.
AFFIRMED.
NOTES
[1] Specifically, the petition for damages alleged that the 911 operator failed to correctly prioritize Mr. Escoffier's call reporting the theft; that this failure caused a lost opportunity for the vehicle to be recovered; that the city of New Orleans failed to instruct and supervise its employees regarding the proper evaluation of 911 calls; and that the city of New Orleans failed to recognize the severity of the crime that Mr. Escoffier reported and failed to supervise the daily decisions of its employees. We also note that while Appellant's brief references the date May 25, 1995, the petition for damages references May 28, 1995 as the date that the theft occurred.
[2] Article 3462 provides, in pertinent part:

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.
LSA-C.C. art. 3462.
[3] See also Henderson v. Meshell, 579 So.2d 1113, 1114 (La.App. 2d Cir.1991)(holding that "Louisiana courts have consistently held that the interruption of prescription continues only if the original suit is still pending or viable when the second action or intervention is filed")(emphasis in original).