990 So.2d 1280 (2008)
Thomas FONTENOT
v.
TIDEWATER, INC.
No. 2008-CA-0180.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 2008.
Philip A. Spence, Law Office of Philip A. Spence, L.L.C., Houma, LA, for Thomas Fontenot.
*1281 James R. Silverstein, Miles P. Clements, Frilot L.L.C., New Orleans, LA, for Tidewater, Inc.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
This appeal arises from an abandonment action filed by Tidewater, Inc., which was granted by the trial court. The plaintiff appeals asserting that the action was delayed by Hurricane Katrina and that Tidewater, Inc. waived its right to assert abandonment. We find that the trial court did not err in holding that the action was abandoned and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Thomas Fontenot ("Mr. Fontenot") filed a petition for damages resulting from an accident on a vessel owned and operated by Tidewater, Inc. ("Tidewater") on June 14, 2000. Tidewater filed a motion for partial summary judgment seeking to dismiss Mr. Fontenot's claim for punitive damages. Both parties agreed on a consent judgment dismissing the claim for punitive damages for failure to pay certain medical benefits with prejudice. It is undisputed that discovery continued until July 2004.
Tidewater filed a motion to dismiss Mr. Fontenot's suit due to abandonment on September 18, 2007. The trial court found that Mr. Fontenot had abandoned his suit by not taking any action for three years and dismissed the suit with prejudice. Mr. Fontenot filed this timely appeal.

ABANDONMENT
Appellate courts review an abandonment action, pursuant to La. C.C.P. art. 561, by determining if the trial court was legally correct, as it is a question of law. Escoffier v. City of New Orleans, 06-1005, p. 2 (La.App. 4 Cir. 4/11/07), 957 So.2d 216, 218.
Mr. Fontenot asserts that the results of Hurricane Katrina prevented him from taking a formal step in the prosecution of Tidewater. La. C.C.P. art. 561 provides, in pertinent part:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
As stated above, the right to the five-year abandonment period requires proof that *1282 either Hurricane Katrina or Rita caused the delay.
Mr. Fontenot avers that he was unable to locate his doctors following Hurricane Katrina, that the court system was "shut down," and that the counsel for Tidewater was "not functioning." However, the record does not contain evidence that Mr. Fontenot attempted to depose his doctors or their employers to locate his doctors. The trial court was closed for one month following Hurricane Katrina. Additionally, Tidewater's counsel returned to New Orleans in October 2005. The record lacks evidence to prove that Mr. Fontenot could not take a formal "step" in the prosecution of Tidewater due to Hurricane Katrina. It is undisputed that no discovery occurred between July 2004 and September 2007, when Tidewater filed its abandonment action.[1] Thus, we find that the three-year abandonment period applies. The trial court did not legally err in determining that Mr. Fontenot's suit against Tidewater was abandoned. We affirm.

DECREE
For the above mentioned reasons, we find that the trial court was correct in finding that Mr. Fontenot's case was abandoned and affirm.
AFFIRMED.
NOTES
[1] Mr. Fontenot alleged, in brief and at oral argument, that Tidewater waived its right to assert abandonment by writing a letter requesting an update on Mr. Fontenot's medical and employment status. However, this document is not contained in the record and will therefore not be considered. La. C.C.P. art. 2128.