MICHAEL E. KIRBY, Judge.
 

 | plaintiff, Dorothy Anderson Mercadel, appeals the trial court judgment granting the Motion to Dismiss for Lack of Prosecution filed on behalf of defendants, Mary Tate Doyle and Edward Doyle.
 

 On October 30, 2001, plaintiff filed a petition in Orleans Parish Civil District Court against the defendants. In her petition, plaintiff alleged that on October 30, 2000, she purchased from defendants property located at 7231 West Haven Road in New Orleans for a price of $300,000.00. Plaintiff further alleged that the property contains substantial defects that existed at the time of the sale, but which were not discoverable upon simple inspection. Plaintiff also claimed that defendants had agreed to fix certain known defects, but failed to properly do so. She alleged that defendants were allowed to remain in the home for a couple of weeks following the Act of Sale, and stripped the home of certain improvements during that time. In her petition, plaintiff claimed that she is entitled to a reduction in the purchase price sufficient to repair the latent defects, replace the items taken |2and repair the items promised. She also asked to be awarded attorney’s fees, interest from date of judicial demand and all costs of the proceedings.
 

 Defendants filed an answer and. recon-ventional demand on December 18, 2001. On January 17, 2002, plaintiff filed a rule to show cause on exceptions of no cause of action and prematurity. On April 19, 2002, the trial court held a hearing on plaintiff exceptions. In a consent judgment signed by the trial court on May 7, 2002, the parties agreed that defendants’ reconventional demand for defamation and malicious prosecution was premature, and was dismissed, without prejudice, to be refiled at defendants’ option as an independent new action only after the conclusion of plaintiffs main demand. On May 4, 2005, plaintiff filed a motion and order to set status conference.
 

 Also on May 4, 2005, defendants filed a Motion to Dismiss for Lack of Prosecution. In that motion, defendants alleged that from April 19, 2002 to May 4, 2005, plaintiff took no step in the prosecution of this action. Citing Louisiana Code of Civil Procedure article 561, defendants alleged that the lack of any activity designed to hasten this matter to trial for a three year period renders this matter abandoned. The hearing on this motion was originally scheduled for October 7, 2005 but did not take place as scheduled due to the temporary closure of the court following Hurricane Katrina, which struck Louisiana on August 29, 2005. On May 22, 2008, defendants filed a motion to reset the hearing on their Motion to Dismiss for Lack of Prosecution.
 

 | ¡(Plaintiff filed a memorandum in opposition to the Motion to Dismiss for Lack of Prosecution. In this memorandum, plaintiff argued that the exceptions were set for hearing on April 19, 2002, and that on April 22, 2002, plaintiff forwarded a signed consent judgment to defendants for filing into the record, securing a signature from the trial court and returning a copy to plaintiff. Plaintiff further claimed that sometime between April 22, 2002 and May 7, 2002, defendants submitted the consent judgment to the court for signature. The trial court signed the consent judgment on May 7, 2002. Plaintiff argues that submitting the consent judgment to the trial court and awaiting signature is a step in the prosecution under La. C.C.P. article 561.
 

 
 *59
 
 At the hearing on the Motion to Dismiss for Lack of Prosecution, the defendants argued that the last step taken in the prosecution of this case by plaintiff before the filing of the motion to set a status conference on May 4, 2005 was the January 17, 2002 filing of the rule to show cause on exceptions. Defendants stated that the consent judgment was filed into the record in April 2002, but the record does not show the exact date of that filing. According to defendants, there was no step in the prosecution of this action between April 2002 and May 2005.
 

 When asked by the trial court about what activity occurred between April 2002 and May 2005, plaintiff responded that the consent judgment was signed on May 7, 2002 and plaintiff filed a motion to set a status conference on May 4, 2005. Plaintiff argued that counsel for plaintiff and defendants conferred after that date as to discovery issues, and that defendants essentially waived the provisions of La. 4C.C.P. article 561 by taking actions inconsistent with the article, such as agreeing to participate in discovery. The trial court rejected that argument, stating that article 561 is automatic once the three year period has elapsed without a step in the prosecution. The trial court agreed with defense counsel’s argument that article 561 is only waived by the filing of something into the record, which is a step in the prosecution.
 

 In granting the motion to dismiss, the trial court stated that the last step in the prosecution prior to the May 4, 2005 filing of the motion to set a status conference was the joint submission of the consent judgment to the trial court for signature in April 2002. The court found that the trial court’s action on May 7, 2002 in signing the consent judgment did not constitute a step in the prosecution according to the provisions of La. C.C.P. article 561. Plaintiff now appeals the trial court judgment granting the defendants’ Motion to Dismiss for Lack of Prosecution.
 

 On appeal, plaintiff argues that the trial court erred in finding that plaintiff abandoned this case by taking no steps in the prosecution for more than three years. La. C.C.P. article 561 states, in pertinent part:
 

 An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding ... (Emphasis ours.)
 

 5In
 
 Clark v. State Farm Mutual Automobile Insurance Company,
 
 2000-3010, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784, the Louisiana Supreme Court explained the requirements of La. C.C.P. article 561 as follows:
 

 Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by
 
 either pa7iy;
 
 sufficient action by either plaintiff or defendant will be deemed a step.
 

 The Court further stated:
 

 Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order.
 

 Id.
 
 at pp. 5-6, 785 So.2d at 784.
 

 Article 561 is to be liberally construed in favor of maintaining a plaintiffs
 
 *60
 
 suit.
 
 Causey v. Caterpillar Machinery Corp.,
 
 2002-0746, p. 4 (La.App. 4 Cir. 6/26/02), 822 So.2d 188, 191. Appellate courts review an abandonment action, pursuant to La. C.C.P. article 561, by determining if the trial court was legally correct, as it is a question of law.
 
 Fontenot v. Tidewater, Inc.,
 
 2008-0180, p. 2 (La.App. 4 Cir. 7/30/08), 990 So.2d 1280, 1281. Once abandonment occurs, no action by the plaintiff or inaction by the defendant can revive the abandoned action.
 
 Springer v. Louisiana Board of Registration,
 
 2005-0878, p. 4 (La.App. 4 Cir. 3/15/06), 929 So.2d 152, 154.
 

 Plaintiff argues that the parties’ submission of a consent judgment to the trial court in April 2002 does not evidence intent to abandon this case. However, it is | (;the lack of action for more than three years following the submission of that judgment for signature that prompted defendants to ask to have this case dismissed as abandoned in accordance with the provisions of La. C.C.P. article 561. Plaintiff argues that awaiting the trial court’s signature on the consent judgment was part of the step in the prosecution beginning with the submission of the judgment for filing and signature. We disagree. The filing of the consent judgment in April 2002 was the last step in the prosecution
 
 by either of the parties
 
 until May 2005. The trial court’s signing of the consent judgment on May 7, 2002 was not a step in the prosecution sufficient to defeat an abandonment motion because it was not a step taken by a party to the action. Additionally, the record shows that defendants did not take any action constituting a step in the prosecution of this matter between April 2002 and May 2005 so as to waive their right to claim the action was abandoned.
 

 The record establishes that there was no step in the prosecution of this matter taken by any of the parties between April 2002 and May 2005. Because more than three years elapsed between steps in the prosecution, the trial court correctly granted the defendants’ Motion to Dismiss for Lack of Prosecution pursuant to La. C.C.P. article 561.
 

 For the reasons stated above, the trial court judgment is affirmed.
 

 AFFIRMED.