CHERYLON CRAFT, SHERRY THOMAS DEWEY JACQUELINE CARBINE, AND DEBRA LUMPKIN INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
v.
THEOPHILUS THOMAS, CHAIRPERSON OF THE BOARD OF COMMISSIONERS FOR THE MORGAN CITY HOUSING AUTHORITY, AND ITS BOARD MEMBERS; WENDALL BOGAN, EXECUTIVE DIRECTOR OF THE MORGAN CITY HOUSING AUTHORITY, MORGAN CITY HOUSING AUTHORITY, CITY OF MORGAN CITY, ABC AND XYZ INSURANCE COMPANIES.
No. 2009 CA 1431.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
HARRY E. CANTRELL, JR., New Orleans, LA., Attorney for Plaintiffs-Appellants, Cherylon Craft, et al.
JOHN DAVID ZIOBER, BRAD M. BOUDREAUX, Baton Rouge, LA, Attorneys for Defendants-Appellees, Theophilus Thomas, Wendall Bogan, and the Housing Authority of Morgan City.
BEFORE: CARTER, C.J., GUIDRY AND PETTIGREW, JJ.
CARTER, C. J.
Plaintiffs seek review of a judgment of dismissal with prejudice that was based upon abandonment pursuant to LSA-C.C.P. art. 561.[1] The issues for review are: (1) whether the trial court erred in dismissing plaintiffs' case for abandonment using the three-year period as opposed to the five-year period when plaintiffs indicated that their failure to take a step in the prosecution of the matter was caused by or was a direct result of Hurricanes Katrina and/or Rita; and (2) whether the trial court erred in dismissing plaintiffs' case with prejudice. Defendants argued and the trial court found that plaintiffs neither presented testimony nor introduced evidence showing that they did not intend to abandon their lawsuit or that they took some action to prevent abandonment of the suit within the required three-year abandonment period, and plaintiffs provided no evidence that the abandonment period was five years because the hurricanes had prevented them from taking some step in the prosecution of their case. See LSA-C.C.P. art. 561A(1) and (2). The trial court found that plaintiffs "failed to carry their burden of proof[.]"
After a thorough review of the record and relevant jurisprudence, we find that the trial court's oral reasons for judgment adequately explain the decision.[2] We agree with the trial court's findings that plaintiffs failed to prove that their failure to take a step in the prosecution of their case was "caused by or was a direct result of Hurricanes Katrina or Rita," and therefore, the trial court did not err in applying the three-year abandonment period provided in LSA-C.C.P. art. 561 A(1).[3] Thus, we find that the trial court's decision was legally correct. Furthermore, we find no manifest error in the trial court's factual findings. We also note that while the trial court's dismissal of plaintiffs' case with prejudice was partially in error, we recognize that because plaintiffs' suit sounds in tort, the dismissal whether with or without prejudice results in no different outcome. A dismissal without prejudice is considered as if suit has never been filed, but any new suit that plaintiffs might file would be prescribed. Accordingly, we do not exercise our authority under LSA-C.C.P. arts. 2164 to amend the trial court's judgment to substitute the words "without prejudice" for the words "with prejudice." See Jackson v. Moock, 08-1111 (La. App. 1 Cir. 12/23/08), 4 So.3d 840, 846; Liner v. Ippolito, 08-0208 (La. App. 4 Cir. 8/20/08), 991 So.2d 1150, 1152 n. 1, writ denied, 08-2288 (La. 1/9/09), 998 So.2d 727.
For all these reasons, the trial court's judgment of dismissal due to abandonment is hereby affirmed in this summary opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(2), (5), (6), (7), and (8). All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Plaintiffs actually filed this appeal after their motion for new trial was denied following the rejection of their motion to set aside the judgment of dismissal. We consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits when it is clear from appellants" brief that the appeal was intended to be on the merits. See Carpenter v. Hannan, 01-0467 (La. App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229, writ denied, 02-1707 (La. 10/25/02), 827 So.2d 1153. It is obvious from plaintiffs' brief that they intended to appeal the judgment on the merits of the dismissal for abandonment. Thus, we will treat the appeal accordingly.
[2] The issue of whether plaintiffs proved that the failure to take formal steps in the prosecution of their case was a direct result of Hurricanes Katrina and/or Rita is a mixed question of law and fact, which is subject to the manifest error standard or review. See Liner v. Ippolito, 08-0208 (La. App. 4 Cir. 8/20/08), 991 So.2d 1150,1152, writ denied. 08-2288 (La. 1/9/09), 998 So.2d 727. See also Hutchison v. SeaRiver Maritime, Inc., 09-0410 (La. App. 1 Cir. 9/11/09), 22 So.3d 989, 992, writ denied. 09-2216 (La. 12/18/09), 23 So.3d 946; Brown v. Kidney and Hypertension Associates, L.L.P., 08-0919 (La. App. 1 Cir. 1/12/09), 5 So.3d 258, 264.
[3] The right to the five-year abandonment period in LSA-C.C.P. art. 561A(2) requires proof by a preponderance of the evidence that either Hurricanes Katrina or Rita directly caused the delay. Compensation Specialties, L.L.C. v. New England Mut. Life Ins. Co., 08-1549 (La. App. 1 Cir. 2/13/09), 6 So.3d 275, 283, writ denied. 09-0575 (La. 4/24/09), 7 So.3d 1200; Liner, 991 So.2d at 1153. Mere allegations of being affected by Hurricanes Katrina or Rita are insufficient to sustain the burden of proof under LSA-C.C.P. art. 561A(2). Compensation Specialties, 6 So.3d at 283; Brown, 5 So.3d at 268; Lambert v. Roussel, 07-1109 (La. App. 1 Cir. 5/2/08), 991 So.2d 8, 13, writ denied. 08-1193 (La. 9/19/08), 992 So.2d 933. In this case, the trial court record contains only the allegations of plaintiffs' current counsel that his and the former counsel's practices were affected by Hurricane Katrina; no evidence of these assertions was introduced into the record as required by LSA-C.C.P. art. 561A(2). Therefore, plaintiffs have not established entitlement to the longer period of abandonment provided by LSA-C.C.P. art. 561 A(2). See Compensation Specialties, 6 So.3d at 283. See also Liner, 991 So.2d at 1153-55; Fontenot v. Tidewater, Inc., 08-0180 (La. App. 4 Cir. 7/30/08), 990 So.2d 1280, 1282.