JOHN S. COVINGTON, Judge.
This is a personal injury suit arising out of a motorcycle accident which occurred March 31,1974 during a “motocross competition” sponsored by the Baton Rouge Jaycees, hereafter Jaycees, and sanctioned by the American Motorcycle Association, hereafter American.
Plaintiff initiated this action on July 19, 1974.Named as defendants were the Jaycees, American and K & K Insurance Administrators, Inc. The petition alleged K & K “was the liability insurer or the agent for the liability insurer of ... American ... and/or ... Jaycees ... at the time of the race.” American answered plaintiffs interrogatories, served with the petition, which, inter alia, asked for the identities of liability insurers of the Jaycees and American. Those answers, given on May 10, 1977 and filed May 12, 1977, identified the liability insurers of American as Lumber-mens Mutual Casualty Company and All-Star Insurance Corporation. K & K, in its answer filed August 28, 1974, denied, inter alia, that it was either the liability insurer or the agent for the liability insurer for either the Jaycees or American. After the trial court disposed of various dilatory and declinatory exceptions filed by the Jaycees and American, the Jaycees filed its answer on January 15, 1975, admitting, “as being generally correct” plaintiff’s allegation that K & K was its and/or American’s liability insurer or the agent for the liability insurer. The court permitted additional counsel to be associated in the action “as assistant counsel for plaintiff” on July 31, 1975.
On October 6, 1975, American filed peremptory exceptions pleading both no right and no cause of action, and moved, alternatively, for summary judgment. The Jaycees filed like exceptions and motions on October 16, 1975 and amended the same on November 13, 1975, but did not file affidavits in support of those pleadings until April 9, 1976. Plaintiff filed his response to American’s and the Jaycees’ exceptions and motions on September 30, 1976. K & K, on October 25, 1976, filed an exception of no cause of action. The exceptions and the motions for summary judgment were heard on October 1, 1976 and taken under advisement. The minutes of court reflect that, for oral reasons assigned, judgment was granted in favor of K & K, dismissing plaintiff’s claims on December 8, 1976; the formal judgment was signed December 20, 1976, “rejecting and denying plaintiff’s demands against [K & K] only and reserving *424 all rights of the plaintiff against all other defendants.”
American third partied the Jaycees and The Baton Rouge Junior Chamber of Commerce, Inc., hereafter Chamber, on November 2, 1979. On December 3, 1979 plaintiff filed his second supplemental and amending petition which had as its only purpose the naming of Lumbermen’s as a party defendant. Lumbermen’s filed its answer January 8,1980; that pleading was the last “step [taken in the] prosecution or defense” of plaintiff’s suit in the trial court for a period of more than five years. James E. Lamothe, III, who on July 31, 1975 was enrolled as “assistant counsel for plaintiff,” filed a motion on May 17,1984 to withdraw “as he no longer represents the plaintiff.” The motion was denied on June 5, 1984. On July 12, 1984, Mr. Lamothe filed a motion to substitute John R. Mart-zell as counsel for plaintiff for the stated reason that mover “is no longer in practice with John R. Martzell ...” Mr. Martzell concurred in the motion and it was granted July 13, 1984. On July 20, 1984 the trial court authorized substitution of counsel for American. No other pleadings were filed until American filed its motion on January 16, 1985 to have the suit dismissed on the basis of abandonment; the order of dismissal was signed the same day. Lumbermen’s motion to dismiss, filed January 18, 1985, was granted January 21, 1985. The Jaycees’ and the Chamber’s motion to dismiss was filed and granted on February 5, 1985.
Plaintiff devolutively appealed the dismissal on March 12, 1985 after his motion to set pre-trial conference, filed on January 24, 1985, was denied February 20, 1985.
ASSIGNMENTS OF ERROR
Plaintiff assigns as errors the trial court’s (1) dismissing his suit against American, the Jaycees, and the Chamber as abandoned, (2) dismissing his suit against Lumbermen’s “with prejudice” as abandoned, and (3) denying his request to set a pre-trial conference.
La.C.C.P. art. 561 states, in pertinent part, that “an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ...”
In Chevron Oil v. Traigle, 436 So.2d 530, 532-533 (La.1983), our Supreme Court, per Dennis, J., made the following observations after quoting La.C.C.P. art. 561:
By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some “step” in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last “step” taken by either party.
[[Image here]]
A party takes a “step” in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment....
[[Image here]]
We disregard as steps in the prosecution of suit the motions to substitute counsel of record.... Such a motion grants to counsel the right to take “steps” toward prosecution of his client’s case, but does not itself constitute such a “step.”
In Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La.1975) the Supreme Court, per Marcus, J., observed, in pertinent part, as follows:
... The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence.
We are not persuaded by plaintiff-appellant’s argument that failure to prosecute the suit for over five years is excused by the jurisprudential exception to dismissal for “circumstances beyond the plaintiffs control.” The record contains nothing to *425 establish that he was either serving in the armed forces of the United States or confined to a mental institution. Statements in plaintiff’s appellate brief regarding his mental and emotional state, characterized by disabling depression, do not constitute evidence.
Plaintiff-appellant’s assignments of error are without merit. Accordingly, the decision of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.