PETTIGREW, J.
12Petitioner, Gerald Estrade, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department), seeks review of a judgment rendered in the trial court adopting the commissioner’s report.[1] The crux of petitioner’s appeal is that the trial court erred in allowing him to realize only half of the educational good time earned. Petitioner also alleges, among other things, that the trial court erred in issuing a strike and dismissing his appeal. For the following reasons, we affirm in part and reverse in part.
Louisiana Revised Statutes 15:828(B) provides the following:
The secretary shall adopt rules and regulations in the facilities and institutions under the jurisdiction of the department to encourage voluntary participation by inmates in certified treatment and rehabilitation programs, including but not limited to basic education, job skills training, values development and faith-based initiatives, therapeutic programs, and treatment programs. When funds are provided, such educational programs shall be available at each penal or correctional institution under the jurisdiction of the department. The rules and regulations may include provisions for furloughs or good time, in addition to the provisions of R.S. 15:571.3(B), for offenders who are otherwise eligible, but no offender shall receive more than ten additional days per month and one hundred eighty days total good time for program participation.
Louisiana Revised Statutes 15:571.3(B) provides the following in pertinent part:
*494 Every inmate in the custody of the department ... and sentenced to imprisonment for a stated number of years or months, ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as “good time”. Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The secretary shall establish regulations for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody except for an inmate convicted a first time of a crime of violence as defined in R.S. 14:2(13), who shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody, including time spent in custody with good behavior prior to sentence for which defendant is given credit. (Emphasis added.)
The Department’s internal regulation No. B-04-003 addresses the educational good time credits. The regulation provides, in pertinent part, as follows:
|¾5. POLICY: Educational good time credit will be awarded in accordance with procedures outlined in this regulation. No inmate shall receive more than 10 additional days per month or 180 days total educational good time credits for program participation during their sentence. It is the Secretary’s policy that no inmate will be granted a furlough pursuant to La. R.S. 15:828(B).
[[Image here]]
8. PROCEDURES:
[[Image here]]
B. Credits will be awarded as follows:
1) Full-time assignment to an educational or certified program — 10 days per calendar month.
2) Part-time assignment to an educational or certified program — 1 to 5 days per calendar month....
C. The inmate will receive full good time credit for the month in which participation begins. No credit will be given for the month in which the program is completed or discontinued.
[[Image here]]
10. CREDITING GOOD TIME:
A. Under no circumstances will an inmate be credited with an amount of educational good time credit under the provisions of this regulation that will cause him to be overdue for release at the time of approval.
B. A total of 180 days educational good time credit may be earned by an inmate during his sentence. Some examples are noted as follows:
• If an inmate sentenced for simple burglary earns 180 days educational good time and releases on parole or GT/PS and is subsequently revoked on technical grounds and re-incarcerated to serve the remainder of his original sentence, • he cannot earn any more educational good time on the burglary sentence.
• If the same inmate earns 180 days educational good time, releases on parole or GT/PS and is revoked for a new felony and is sentenced on the new felony to a consecutive sentence, the inmate will be serving the remainder of his original sentence and can earn no more educational good time on that sentence. When *495 he begins serving the new consecutive sentence, he may again earn up to a maximum of 180 days educational good time on the new sentence.
• If an inmate is serving a sentence for burglary and earns 180 days good time and while serving the sentence is convicted of battery of a correctional officer, he may earn additional educational good time on the new sentence, if | ¿consecutive, only after the inmate has full termed off of the original burglary sentence. If the new sentence is ordered served concurrent, the inmate has already received the maximum number of educational good time days on his sentences.
• If an inmate is serving multiple concurrent sentences, a maximum of 180 days educational good time may be earned on his total sentence.
• If an inmate earns educational good time, gets out on GT/PS and full terms off his sentence and is later returned on a new felony conviction, he may earn up to a maximum of 180 days educational good time on the new sentence.
Assignments of Error Numbers One, Three, Four, & Five
The first assignment of error concerns the Department’s practice of awarding “good time credit” instead of awarding the time in actual days. The third and fifth assignments of error concern the dismissal of petitioner’s suit and the costs that were assessed against petitioner below by the trial court. The fourth assignment of error concerns the strike that was rendered against petitioner for filing the suit. With the exception of the strike issue, we find no merit to any of these arguments.
Regarding the first assignment of error, the Department awarded petitioner with 90 days of educational good time, for which he was credited. Petitioner alleges it was error for the Department to award him only half of his educational good time credits earned. He contends he is due the full 180 days that he understood he was to earn and maintains that the 180 days should have been awarded in addition to the regular good time earned pursuant to La. R.S. 15:571.3(B). We find no merit to this argument.
After considering petitioner’s claims, the Commissioner found as follows with regards to the computation of petitioner’s educational good time credits and his release date:
It is apparent from the language of [La. R.S. 15:828] that the Department is entitled to determine the method by which educational good time is credited to an inmate for voluntary participation in the rehabilitative programs described, and the petitioner points to no authority that would contradict this opinion. The Department is entitled to calculate the number of days credited for educational program participation using the “comparison method”, which is, in fact, what was done in this particular case. The defendants awarded educational good time by moving the petitioner’s projected good time release date forward in time by one-half the amount of educational good time credit earned. Good | Rtime credits may be applied by applying fifty percent of the educational good time earned to the good time release date or by applying [one hundred percent] of the educational good time earned to the full term release date. There is nothing offered by the petitioner nor contained in the statutes or submitted by the petitioner as evidence that would indicate that the agency’s decision *496 in this matter is either arbitrary, capricious, manifestly erroneous, or in excess of its statutory authority. Based upon the record submitted and the allegations of the petitioner herein, it is this Commissioner’s opinion that the petitioner has been awarded all of the educational good time credits to which he is entitled and that his good time release date has been calculated properly.
Based on our review of the record and applicable law, we find no error in these findings. A day-for-day credit is not mandated by La. R.S. 15:828(B) as is argued by petitioner. Moreover, there is nothing in the record to suggest that the method of calculation utilized by the Department has not been uniformly applied to all inmates who are eligible for educational credits. Based on the facts and circumstances of this case, petitioner has been awarded all of the educational good time credits to which he is entitled, and his good time release date has been calculated accordingly. Thus, the trial court did not err in dismissing his suit, with prejudice, at his cost.[2]
However, we do not agree with the strike that was assessed against petitioner for “filing a suit that clearly fails to state a cause of action.” Although petitioner did not prevail in his argument below or on appeal, we do not find that his claim concerning the Department’s calculation of his good time credits and educational credits was either frivolous or malicious. Accordingly, we reverse that portion of the judgment.
Assignment of Error Number Two
In assignment of error number two, petitioner argues that the Department is delegating its authority with regard to calculation of good time to an outside source in violation of La. R.S. 39:1800.5, which provides as follows:
No contract for correctional services shall authorize, allow, or imply a delegation of authority or responsibility to a prison contractor for any of the following:
(1) Development and implementation of procedures for calculating inmate release and parole eligibility dates.
|⅜(2) Development and implementation of procedures for calculating and awarding sentence credits.
(3) Approval of inmates for furlough and work releases.
(4) Approval of the type of work inmates may perform and the wages or sentence credits which may be given the inmates engaging in such work.
(5) Granting, denying, or revoking sentence credits.
Petitioner bases his claim on the fact that Deputy Warden Cooley signed the First Step Response Form on his request for administrative relief. The Commissioner concluded that such an act was not in opposition to La. R.S. 39:1800.5. The Commissioner found no merit to petitioner’s challenge of Deputy Warden Cooley’s authority over his good time credits and determined that petitioner’s claim regarding this issue failed to state any basis for relief. Following our review of the record and applicable law, and based on the lack of evidence submitted by petitioner concerning this issue, we find no error in this finding.
*497 CONCLUSION
For the above and foregoing reasons, we reverse that portion of the judgment that assessed a strike against petitioner. In all other respects, the judgment below is affirmed. All costs associated with this appeal are assessed against plaintiff-appellant, Gerald Estrade.
AFFIRMED IN PART, REVERSED IN PART.
GAIDRY, J., concurs and assigns additional reasons.
DOWNING, J., dissents and assigns reasons.
HUGHES, J., concurs with reasons.

. Pursuant to La. R.S. 15:1177(A)(10), any offender who is aggrieved by an adverse decision of the Department may seek an appeal of a final judgment to the appropriate court of appeal.

. Although petitioner filed in fonna pauperis, because he is unsuccessful in obtaining the relief sought, costs may be assessed against him. See Rochon v. Administrative Remedy Procedure, 2005-0452, p. 3 (La.App. 1 Cir. 3/24/06), 934 So.2d 67, 68, writ denied, 2006-1383 (La.1/26/07), 948 So.2d 162.