Judge Rosemary Ledet.
11 This is a legal malpractice case. The plaintiff, Gary Juengain, filed this action against the following three defendants: Harry Tervalon, Bryant Woods, and the Orleans Indigent Defender Program (the “OIDP”)[1] (collectively the “Defendants”). The trial court, arm sponte, dismissed the suit as abandoned pursuant to La, O.C.P. art. 561. From that ruling, Mr. Juengain appeals. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On August 25, 2008, Mr. Juengain—now incarcerated in Louisiana State Penitentiary in Angola, Louisiana—filed a petition for damages, in proper person, alleging legal malpractice by the attorney who represented him in the criminal case that resulted in his present incarceration.[2] He averred that he was arrested on | a June 5, 2008, for possession of cocaine, a violation of La. R.S. 40:967 C(2). He further averred that he was framed by the New Orleans Police Department (“NOPD”) because of his earlier not guilty verdict. The gist of his malpractice claim is that his former attorney failed to visit him in jail, failed to help him prepare his case, and scheduled a lunacy hearing instead of pursing the information he provided to them; he averred that his attorney’s actions were “worse than being slapped in the face.” Along with the petition, Mr. Juengain filed an In For-ma Pauperis Application. On November 24, 2008, the Defendants were served with the petition.
On November 26, 2008, Mr. Juengain filed a motion for default judgment. The record does not reveal that Mr. Juengain ever confirmed the default judgment motion or that the trial court ever ruled on it. On December 16, 2008, Mr. Juengain sent a letter to the clerk of the Civil District Court (“CDC”) regarding his In Forma Pmperis Application, seeking to determine if it had been granted.
On December 19, 2008, the Defendants filed a motion for extension of time to file responsive pleadings, which was granted. On January 22, 2009, the Defendants filed a second motion for extension of time, which was granted.
On February 3, 2009, Mr. Juengain filed a request for the issuance of a Subpoena Duces Tecum; the trial court denied the request because it was not in the proper form. On that same date, Mr, Juengain filed a request for appointment of counsel; the trial court denied the request, citing the lack of authority for |;iappointment of counsel in a civil case. On February 6, 2009, the Defendants filed their answer and various exceptions—exceptions of no right of action; alternatively, the claim is barred by immunity, no cause of action, res judicata-, alternatively, lis pendens, prescription; alternatively, laches and mootness. On February 13, 2009, the CDC Clerk’s office sent a letter to Mr. Juengain *1178 providing him the proper form to use to request a Subpoena Duces Tecum.
On March 3, 2009, Mr. Juengain filed multiple Subpoena Duces Tecum Requests (the “Subpoena Requests”). On May 21, 2009, Mr. Juengain filed a request for copies of the Defendants’ answer and the original petition. On June 3, 2009, the CDC Clerk’s office informed Mr. Juengain that before his request for copies could be processed, he was required to provide a statement of his income. On July 7, 2009, Mr. Juengain filed a statement of his income. On March 6, 2011, Mr. Juengain filed an “Inmate’s Request for Legal/Indigent Mail.”
On September 30, 2014, Mr. Juengain filed a Motion to Amend the Petition (the “First Motion to Amend”). On October 7, 2014, the trial court ordered that Mr. Juengain be allowed to amend his pleadings and that he provide service instructions within thirty days. On January 9, 2015, the Defendants were served with the supplemental and amended petition.
On October 27, 2016, Mr. Juengain filed a Second Motion to Amend the Petition (the “Second Motion to Amend”). On November 2, 2016, the trial judge denied the Second Motion to Amend; and, as noted at the outset of this opinion, the 14trial court, sua sponte, dismissed the suit as abandoned pursuant to La. C.C.P. art. 561. The trial court’s order stated as follows:
All of the requests by plaintiff Gary Juengain are hereby denied. This case Juengain versus Tervalon CDC 2008-8854 has been abandoned by operation of law. A subpoena request was filed on March 3, 2009. The next step was a motion to Amend the Petition on September] 30, 2014 [the First Motion to Amend]. As more than three years passed, the case has been abandoned. This Court dismisses plaintiff Gary Juengain’s claim with prejudice at his costs.
This appeal followed.[3]
DISCUSSION
The sole issue presented by this appeal is whether the trial court erred in dismissing Mr. Juengain’s malpractice suit as abandoned pursuant to La. C.C.P. art. 561. Whether a suit has been abandoned is a question of law. Olavarrieta v. St. Pierre, 04-1566, p. 3 (La. App. 4 Cir. 5/11/05), 902 So.2d 566, 568.[4] In reviewing a question of law, an appellate court applies a de novo standard of review. Delacruz v. Anadarko Petroleum Corp., 14-0433, p. 8, n. 9 (La. App. 4 Cir. 12/3/14), 157 So.3d 790, 795 (citing Liner v. Ippolito, 08-0208, p. 3 (La. App. 4 Cir. 8/20/08), 991 So.2d 1150, 1152) (noting that “[t]he issue of abandonment is *1179 a | ¿question of law subject to de novo review on appeal.”). The question the appellate court must decide is simply whether the lower court’s interpretive decision is legally correct. Faust v. Greater Lakeside Corporation, 03-0808, p. 3 (La. App. 4 Cir. 11/26/03), 861 So.2d 716, 718; see also Heirs of Simoneaux v. B-P Amoco, 13-0760, p. 3 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130 (citing Meyers ex rel. Meyers v. City of New Orleans, 05-1142, p. 2 (La. App. 4 Cir. 5/17/06), 932 So.2d 719, 721).
An action—other than a succession proceeding—is abandoned “when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” La. C.C.P. art. 561 A(l). For purposes of abandonment, “[a] party takes a ‘step’ in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice.” James v. Formosa Plastics Corp. of Louisiana, 01-2056, p. 4 (La. 4/3/02), 813 So.2d 335, 338 (citing Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 and collecting cases). Not all filings in the court record are considered “steps” for purposes of interrupting the abandonment period; for example, requests for notice; change of address notices; and motions to withdraw, enroll, or substitute counsel are not “steps.” True Gospel of Jesus Christ Church Ministry v. Doucette, 08-0634, p. 5 (La. App. 4 Cir. 11/19/08), 999 So.2d 795, 798.
The Supreme Court, in Clark, construed La. C.C.P. art. 561 as imposing the following three requirements on a plaintiff to avoid abandonment:
First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward | ¿judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period óf the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Clark, 00-3010 at p. 6, 785 So.2d at 784 (internal footnotes omitted); see also Louisiana Dept. of Transportation and Development v. Oilfield Heavy Haulers, L.L.C., 11-0912, pp. 4-5 (La. 12/6/11), 79 So.3d 978, 981.
Upon the passage of a three year interval during which neither party takes a “step” in the prosecution or defense of the action, abandonment takes place automatically. La. C.C.P. art. 561 A(l) and (3). “The article is operative, and the dismissal effective, as soon as this interval has expired. An actual judgment is not necessary to ratify or confirm the fact of abandonment.” Clark v. S. Tire Serv., Inc., 00-1548, p. 2 (La. App. 5 Cir. 2/14/01), 782 So.2d 27, 28; see La. C.C.P. art. 561 A(3) (providing that “[t]his provision shall be operative without formal order.”). Hence, “a defendant is not required to file a motion to dismiss a case as abandoned in order to make the plaintiffs abandonment of the case effective.” 1 Judge Steven R. Plotkin and Mary Beth Akin, LOUISIANA PRACTICE SERIES: LOUISIANA CIVIL PROCEDURE, Article 561 (2016 ed.).
The jurisprudence has outlined the following general principles on abandonment:
• The purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. See Chevron Oil *1180 Co. v. Traigle, 436 So.2d 530, 532 (La. 1983). Abandonment is not a •punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Clark, 00-3010 at pp. 10-11; 785 So,2d at 787.
h» The Louisiana Supreme Court has uniformly held that Article 561 must be liberally construed in favor of maintaining a plaintiffs suit. Oilfield Heavy Handers, 11-0912 at p. 5, 79 So.3d at 981-82 (citing Clark., 00-3010 at p. 8, 785 So.2d at 785). “Because dismissal is the harshest of remedies, any. reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.” Oilfield Heavy Haulers, supra (citing Clark, 00-3010 at p. 10, 785 So.2d at 787).
• . “The intention of Article 561 is not to dismiss suits as abandoned based on technicalities.For the purpose of . determining abandonment, the intent and substance of a party’s actions matter far more than technical compliance.” Oilfield Heavy Haulers, 11-0912 at pp. 5-6, 79 So.3d at 982 (internal citations omitted).
Nationstar Mortgage, LLC v. Harris, 13-1335, p. 9 (La. App. 4 Cir. 5/14/14), 141 So.3d 829, 836. With these principles in mind, we evaluate whether Mr. Juengain’s claim is' abandoned.
The record reflects that no formal action took place for more than three years between March 3, 2009—the date Mr. Juengain filed the Subpoena Requests—and September 30, 2014—the date he filed the First Motion to Amend. Thus, Mr. Juengain’s suit is abandoned on its face.[5] When, as here, a plaintiffs suit is abandoned on its face, the sole issue presented is whether any of the exceptions to abandonment apply. Food Perfect, Inc. v. United Fire & Cas. Co., 12-2492, p. 1 (La. 1/18/13), 106 So.3d 107, 108.
|sThe jurisprudence has recognized only two exceptions—both based on prescription principles—to the abandonment rule;[6] those exceptions are as follows:
(1) a plaintiff-oriented exception based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control [the “Plaintiff-Oriented Exception”]; and
(2) a defense-oriented exception based on acknowledgment, that applies when *1181 the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned [the “Defense-Oriented Exception”].
Clark, 00-3010 at p. 7, 785 Sol2d at 784-85.
These two exceptions reflect the distinction the jurisprudence has drawn between the post-abandonment actions of a plaintiff and a defendant. A defendant’s post-abandonment actions may result in a waiver (the Defense-Oriented Exception); whereas, a plaintiffs actions may not. “ ‘Onice abandonment has occurred, action by the plaintiff cannot breathe new life into the suit.’ ” Clark, 00-3010 at p. 15, 785 So.2d at 789 (quoting 1 Frank L. Maraist & Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 10.4 at 243. (1999)). Any post-abandonment actions taken by a plaintiff is “inefficacious” to counteract application of the article. Semel v. Green, 252 La. 386, 394, 211 So.2d 300, 304 (1968). The Plaintiff-Oriented Exception is thus focused solely on the circumstances of the case before abandonment has occurred.
In this case, Mr. Juengain does not contend that the Defendants took any post-abandonment actions that could constitute a waiver of their right to. assert abandonment; thus, the Defense-Oriented Exception does not apply. Mr. Juengain, however, does contend that there were circumstances beyond his control that | ¡¡caused his failure to prosecute this action. Indeed, Mr. Juengain’s sole assignment of error is that the trial, court erred in dismissing his suit “as being abandoned when the United States Justice Department obtained all civil and criminal records—and stayed each during their federal investigation of the New Orleans Police Department.” The dispositive issue is thus whether the Plaintiff-Oriented Exception applies here.
The Plaintiff-Oriented Exception evidences the well-established rule that prescription does not run against one who is unable to interrupt it. Melancon v. Continental Cas. Co., 307 So.2d 308, 311 (La. 1975) (abrogated on other grounds in Clark, 00-3010, p. 13, 785 So.2d at 788). Explaining the Plaintiff-Oriented Exception, we noted, in the Faust case, the following:
Where a party is prohibited from taking a step in the prosecution of a case because of circumstances beyond that party’s control, Louisiana courts' have applied the doctrine of contra non va-lentem to interrupt the running of the abandonment period during the period of incapacity. The contra non valentem exception to the running of the abandonment period, however, contemplates a legal impediment that makes it impossible for a party to take the actions necessary to prevent the running of the abandonment period, and the exception has been given a very narrow scope.
03-0808 at p. 7, 861 So.2d at 720-21 (citing Deborah J. Juneau and Gayla M. Monda, Abandonment: An -Evolving Concept of Liberative Prescription, 63 La. L. Rev. 341, 366-67 (2003) (“Juneau & Monda”)).
Narrowly construing the scope of the scope of the Plaintiff-Oriented Exception, the jurisprudence has oft-stated that only two circumstances comply with the requirements of the exception—when the plaintiff is serving in the United States armed services or is being confined to a mental institution. Faust, 03-0808 at p. 7, n. 3, 861 So.2d at 721; see also Willey v. Roberts, 95-1037, p. 6 (La. App. 1 Cir. 12/15/95), 664 So.2d 1371, 1376; Haisty v. State, Dept. of Transp. & Dev., 634 So.2d 919, 922 (La. App. 2d Cir. 1994); Manuel v. Lacarbo, 554 So.2d 774, 775 (La. App. *1182 5th Cir. 1989); Pounds v. Yancy, 224 So.2d 1, 4 (La. App. 1st Cir. 1969).[7] Outside of those two circumstances, the jurisprudence has “generally rejected all other excuses.” Juneau & Moncla, 63 La. L. Rev. at 366;[8] but see \ ^Johnson v. Calcar *1183 sieu Parish Sheriff's Dept., 06-1179, p. 4 (La. App. 3 Cir. 2/7/07), 961 So.2d 496, 500 (noting that although “these two circumstances were listed as examples of exceptions, we do not find that they are exclusive.”).[9]
The jurisprudence has held that “general, business-type delays are not the legal impediments or circumstances described in the jurisprudence that make it impossible for the plaintiff to take steps to hasten his own matter to trial.” Hercules Offshore, Inc. v. Lafayette Parish Sch. Bd., Sales & Use Tax Dept., 14-701, p. 11 [ia(La. App. 3 Cir. 2/11/15), 157 So.3d 1177, 1184.[10] Capsulizing the scope of the Plaintiff-Oriented Exception, a commentator states as follows:
Abandonment does not occur if the party does not have power to take legal action during the period, such as when the judge takes the case under advisement, or the judge orders a transcript and the court reporter is unable to transcribe it. However, if the party can take some step to force action by a third person, the party must take that step or the abandonment period will accrue.
1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 10:4 (2d ed. 2016) (internal footnotes omitted). Applying those principles, the jurisprudence has uniformly held that neither pro se litigant status nor incarceration alone is a basis for invoking the Plaintiff-Oriented Exception.
Explaining why pro se litigant status is insufficient to invoke the exception; the Supreme Court in Food Perfect, Inc. stated as follows:
[PJlaintiff does not allege any circumstances beyond his control, such as natural disasters, prevented him from taking any steps to prosecute this action. Rath *1184 er, he candidly admits that as a pro-se litigant,- he was unaware of the applicable deadlines. Courts have held pro-se litigants assume responsibility for their lack of knowledge of the law. See Led-better v. Wheeler, 31,357 at p. 3 (La. App. 2 Cir. 12/9/98), 722 So.2d 382, 384 (“[although we concede that Ledbetter, as a layperson, was representing himself, a pro se litigant assumes all responsibility for his own inadequacies and lack of knowledge of procedural and substantive laws”). Under these circumstances, we find contra non valentem does not apply.
12-2492 at p. 2, 106 So.3d at 108; see also Coe v. State, Health Care Auth., 32,635, p. 6 (La. App. 2 Cir. 2/1/00), 751 So.2d 432, 435-36 (reasoning that pro se plaintiff “could have taken appropriate steps to move the litigation forward, but he failed to do so.”); see also Courtney v. Henderson, 602 So.2d 95, 96 (La. App. 4th Cir. 1992) (holding that the plaintiffs . attorney’s inaction does not fall constitute a circumstance beyond the plaintiffs control under the Plaintiff-Oriented Exception).
Likewise, the jurisprudence has uniformly held that a plaintiffs incarceration alone is not a ground for invoking the Plaintiff-Oriented Exception. Illustrative, in Jones v. Phelps, 95-0607 (La. App. 1 Cir. 11/9/95), 665 So,2d 30, the appellate court rejected the argument that the plaintiffs incarceration was a legal impediment sufficient to invoke the Plaintiff-Oriented Exception. In so doing, the court reasoned as follows:
The fact that Jones may have been incarcerated for a period of time while this case was pending or may have made unsuccessful attempts at engaging-new counsel did not create a legal impediment which kept him from hastening the matter to judgment. At any time, Jones could have taken appropriate steps to move the litigation forward, but failed to do so.
Jones, 95-0607 at p. 6, 665 So.2d at 34.
Quoting with approval the above reasoning from the Jones case, the appellate court in Stemley v. Foti, 40,379, pp. 10-11 (La. App. 2 Cir. 10/26/05), 914 So.2d 642, 647-48, rejected the-plaintiffs contention that the exception applied because “part of the delay experienced in this case was due to circumstances beyond his control—i.e., his imprisonment.” Id, The court in Stem-ley reasoned as follows:
Mr. Stemley asserts that he gave pleadings to prison officials dated April 4, 2004, July 30, 2004, and February 17, 2005; however our review concludes that the April and July 2004 pleadings are not present in the record and the February 2005 pleadings were filed beyond the abandonment period. Accordingly, based on this record and the applicable jurisprudence, we cannot- say that Mr. Stemley’s imprisonment created a legal impediment to his pursuit of this matter.
40,379 at pp. 10-11, 914 So.2d at 648.
I ^Likewise, the appellate court in Brown v. Sutherland Lumber, Inc,, 10-469, p. 5 (La. App. 3 Cir. 11/3/10), 53 So.3d 477, 480, also citing with approval the Jones case, reasoned as follows:
While this court is sympathetic to Brown’s predicament in that he allegedly could not find counsel to represent him, nor could he appear in court, as he was incarcerated, his inability to appear ’in.;court did not hinder Brown from taking a step under La.Code Civ.P. art. 561, nor does his incarceration fall within an exception to the abandonment rules.

Id.

To recap, neither pro se litigant status nor incarceration alone is, a ground *1185 for invoking the Plaintiff-Oriented Exception. Here, however, Mr. Juengain contends that, in addition to his pro se status and incarceration, the United States Justice Department’s investigation of the NOPD contributed to his inability to file any preliminary proceedings or pretrial discovery in either his criminal or civil case. Mr. Juengain states that it was not his fault that he could not move the case forward because he was unable to “obtain pertinent documents to perfect interrogatories, or any other form of discoveries.” As the Defendants point out, Mr. Juen-gain’s argument is that he was prevented from obtaining “crucial documents” and filing pretrial motions in his criminal and civil cases because all of the pleadings that he filed were either ignored or “plucked” from the record by the United States Justice Department, A similar argument recently was rejected by the appellate court in Loud v. Raising Cane’s Restaurants, LLC, 17-25 (La. App. 3 Cir. 5/24/17), — So.3d -, 2017 WL 2267320.
In Loud, as here, the plaintiff was also a defendant in a parallel criminal case. Both the civil and criminal case arose out of an incident at a Raising Cane’s restaurant during which the plaintiff was forcibly removed by an off-duty officer. |1fiIn the criminal case, the plaintiff filed a Subpoena Duces Tecum and a notice of deposition directed to Raising Cane’s seeking the video of the incident. The trial court dismissed the civil case as abandoned for lack of action in that case.
On appeal from that dismissal, the plaintiff in Loud argued, among other things, that the trial court erred in finding his suit abandoned given that Raising Cane’s “ ‘actions of misrepresenting facts regarding the existence of video evidence clearly prevented [the plaintiff,] Keldrick Loud[,] from prosecuting the present action.’” Loud, 17-25 at — So.3d at -, 2017 WL 2267320 at *1. In support, he argued that “Raising Cane’s, in response to a request in the criminal case for video taken the night of the incident, denied having any such evidence” and that “Raising Cane’s deception prevented Mr. Loud from prosecuting his civil claim,” Loud, 17-25 at — So.3d at -, 2017 WL 2267320 at *2. Rejecting this argument, the appellate court reasoned that “[t]he alleged failure of Raising Cane’s to turn over evidence in its possession in a separate criminal case is not a sufficient cause for Mr. Loud to fail to take any step in the prosecution of this suit for over .three years.” Id. The appellate court thus found that the Plaintiff-Oriented Exception was inapplicable and affirmed the trial court’s judgment dismissing the suit as abandoned.
By analogy, Mr. Juengain’s argument regarding his parallel criminal case and the actions of the United States Department of Justice in unrelated matters is unpersuasive. The record on appeal in this case is devoid of any evidence to support Mr. Juengain’s argument that he was impeded in pursuing this civil case or that this case was stayed. In his appellant brief, Mr. Juengain cites “Exhibits A, B, D, and 2” in support of his argument for the reinstatement of his malpractice suit. The exhibits he cites are pleadings from two other .civil suits; the Investigation of |Uithe NOPD by the United States Department of Justice; and the Consent Decree regarding the NOPD. As the Defendants point out, the exhibits Mr. Juengain cites were attached to either the Motion to Stay filed in the trial court or the supplemental briefs Mr. Juengain filed in this court.
As noted elsewhere in this opinion, the Motion to Stay was filed on January 10, 2017, which was after the order of dismissal was issued and the notice of appeal was filed. The trial court denied the Motion to Stay on January 11, 2017, noting *1186 that the case had been dismissed as abandoned. Mr. Juengain’s reliance on documents filed into the record after the trial court’s order of dismissal is misplaced. See Payton v. Lake Lawn Park, Inc., 15-0274, p. 3, n. 5 (La. App. 4 Cir. 11/10/15), 179 So.3d 809, 811.
In Payton, the plaintiffs filed a “Note of Evidence” into the record containing evidence of the formal discovery that they contended interrupted the time period for abandonment. Declining to consider this evidence, we reasoned that “[b]ecause this evidence was not before the trial court when it signed the order [of dismissal], we cannot consider it on appeal.” Id. The same is true here.
Insofar as the exhibits attached to Mr. Juengain’s supplemental briefs, “[t]he appellate briefs or motions of parties and attachments thereto are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to therein, or in exhibits attached thereto, if those facts are not in the record on appeal.” Board of Directors of the Industrial Development Board of the City of New Orleans v. All Taxpayers, Property Owners, Citizens of the City of New Orleans, 03-0827, p. 4 (La. App. 4 Cir. 5/29/03), 848 So.2d 733, 737. Indeed, “[a]n appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.” Id. (citing Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La. App, 1 Cir. 6/28/96), 676 So.2d 1144, 1156); see also La. C.C.P. art. 2164 (providing that an appellate court’s decision must be rendered “upon the record on appeal”). Given that the exhibits Mr. Juengain cites are not a part of the record on appeal, we cannot consider them.
Based on the record on appeal, the trial court did not err in dismissing this action as abandoned pursuant to La. C.C.P. art. 561. Nonetheless, we recognize that the trial court’s judgment is partially in error in that it orders this action be dismissed with prejudice. An action may be dismissed as abandoned under La, C.C.P. art. 561 only without prejudice. Liner, 08-0208 at p. 2, n. 1, 991 So.2d at 1152 (collecting cases).[11] Given that this is a tort suit—a legal malpractice (professional negligence) suit—the dismissal of this suit, whether with or without prejudice, produces no different result. Id. A dismissal without prejudice is considered as if the suit has never been filed; hence, any new suit that Mr. Juengain might file would be barred by prescription. Id. Accordingly, we decline to exercise our authority, pursuant to La. C.C.P. arts. 2164 and 2129, to amend the trial court’s judgment. Id.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. In their answer, the Defendants point out that the OIDP was incorrectly referred to in the petition as the "Orleans Public Defenders.” The OIDP employed the other two defendants, Mr. Woods and Mr. Tervalon. Mr. Juengain avers that Mr. Woods represented him in his parallel criminal case.

. In State v. Juengain, 09-0425 (La. App. 4 Cir. 1/20/10), 41 So.3d 499, this court conditionally affirmed Mr. Juengain's conviction in the parallel criminal case and remanded the matter to the district court for consideration of Mr. Juengain's timely-filed pro se motion for a new trial. The district court denied Mr. Juengain’s motion for new trial, and this court denied Mr. Juengain's writ application seeking review of that ruling. State v. Juengain, 11-014 (La. App. 4 Cir. 2/23/11) (unpub.). The Louisiana Supreme Court likewise denied his writ application. State v. Juengain, 11-0434 (La. 3/2/12), 83 So.3d 1033.

. As discussed elsewhere in this opinion, on January 10, 2017, Mr, Juengain filed in the trial court a "Motion Requesting Stay and/or Abeyance Pending Federal Government Investigation of New Orleans Police Department New Probe” (the "Motion to Stay”). On January 11, 2017, the trial court denied the Motion to Stay, stating “case has been dismissed with prejudice as it has abandoned.”

. Although the question of whether a suit is abandoned is a question of law, “the question of whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal.” R.L. Luden Tile Co. v. Solid Rock Co., 16-0690, p. 6 (La. App. 4 Cir. 3/29/17), 215 So.3d 710, 713-14; see also Lyons v. Dohman, 07-0053, p. 4 (La. App. 3 Cir. 5/30/07), 958 So.2d 771, 774 (internal citations omitted) (explaining that "[w]hether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court’s interpretative decision is correct.”).

, Although Mr. Juengain filed documents into the record between March 3, 2009, and September 30, 2014, those filings—a request for copies filed on May 21, 2009; a statement of his income filed on June 3, 2009; and an "Inmate's Request for Legal/Indigent Mail" filed on March 6, 2011—were not "steps” in the prosecution. Stated otherwise, those filings were not formal actions intended to hasten the matter to judgment. Clark, 00-3010 at p, 6, 785 So.2d at 784. Regardless, as the Defendants correctly point out, even assuming that those filings could be considered "steps,” this case is still abandoned, on its . face, as the last filing before the filing of the First Motion to Amend on September 30, 2014, was made on March 6, 2011. The period of time between March 6, 2011, and September 30, 2014, is more than three years.'

. See Pecot v. Calcasieu-Cameron Hosp. Serv. Dist., 03-1102, p. 5 (La. App. 3 Cir. 2/18/04), 867 So.2d 56, 60 (noting that "[pjroperly viewed, these two exceptions evidence two well-established rules of prescription; (1) prescriptions does not run against one who is unable to interrupt it, and (2) prescription may be interrupted by acknowledgment.”).

. Following Hurricanes Katrina and Rita, the jurisprudence identified a third circumstance in which the Plaintiff-Oriented Exception would be held to apply—a natural disaster. Food Perfect, 12-2492 at p. 2, 106 So.3d at 108. Indeed, the Legislature passed special legislation to provide an extended abandonment period for those affected by those two specific natural disasters. See 1 Frank L. Ma-raist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 10:4 (2d ed. 2016) (noting that "Act 361 of 2007 amended CCP Art. S61 A to extend to five years the period for abandonment where (1) the action was initiated prior to Aug. 26, 2005, and was not previously declared abandoned under the general three year period, and (2) the party proves that the failure to take a step in the prosecution or defense was caused by or was a direct result of Hurricanes Katrina or Rita,”); see also Harris v. Stogner, 07-1451, pp. 2-3 (La. 11/9/07), 967 So.2d 1151, 1152 (holding that "[t]he jurisprudence has recognized a general exception to abandonment, based on the doctrine of contra non valentem, in cases where a party is affected by circumstances beyond his control.., However, in cases where the exceptional circumstances arise as a result of Hurricanes Katrina or Rita, we find the specific legislation in La. R.S. 9:5822 and La. R.S. 9:5824 supercedes the general jurisprudential exception.”); La. C.C.P. art. 561 A(6) (providing that this provision “shall become null and void on August 26, 2010.”).

. The jurisprudence rejecting other excuses as a basis to invoke the Plaintiff-Oriented Exception has been summarized as follows:
• Louisiana courts have stated that a plaintiff's allegations in his appellate brief regarding his mental and emotional state and "disabling depression” were not proof of circumstances beyond his control which prevented him from taking a step in prosecution sufficient to prevent his suit from abandoning. [Aucoin v. Baton Rouge Jaycees, Inc., 491 So.2d 422, 424-25 (La. App. 1st Cir. 1986).]
• Likewise, a plaintiff's eight years of incarceration and the withdrawal of his counsel during that time were not considered circumstances beyond his control. Here, the court stated that the plaintiff's incarceration and unsuccessful attempts to engage new counsel did not create legal impediments which prevented him from prosecuting his case. The court noted that the plaintiff could have, but failed to, move his case toward judgment for a period of eleven years. [Jones v. Phelps, 95-0607, p. 6 (La. App. 1st Cir. 11/9/95), 665 So.2d 30, 34. See also Haisty v. State through Dept. of Transp., 25,670 (La. App. 2 Cir. 3/30/94), 634 So.2d 919, 922 (rejecting plaintiff’s argument that withdrawal of D.O.T.D.’s counsel and failure of Attorney General to enter lawsuit as mandated by law prevented her from prosecuting her suit—no legal impediment was created); Brown v. Edwards, 435 So.2d 1073, 1075-76 (La. App. 1st Cir. 1983) (rejecting plaintiffs' claim that their attorney had withdrawn prevented them from prosecuting case; litigants always have the power to discharge an attorney who neglects or refuses to act and to replace him with a new attorney); Courtney v. Henderson, 602 So.2d 95, 97 (La. App. 4th Cir. 1992).]
• Likewise, ... a Louisiana appellate court ruled that a plaintiff’s inattention to her suit was her fault rather than the fault of the defendant. The court reasoned that even though the plaintiff may have been unaware that her attorneys were not prosecuting her case and that her suit could abandon, these were not circumstances beyond her control. Nor was her lack of notice of the ex parte motion to dismiss the suit considered relevant, since abandonment occurred by operation of law, even if no party moved for formal dismissal. [Succession of Knox, 579 So.2d 1164 (La. App. 2d Cir. 1991).]
• In another case, the appellate court rejected the plaintiff’s excuses that one of her attorneys had been disbarred, another faced disbarment, and her file had been destroyed in a fire at one of her attorney’s offices. The court found that these were not circumstances beyond her control that prevented her from prosecuting her case. Likewise, [the] ap *1183 pellate court rejected [the] plaintiff’s arguments that the defendant's failure to submit pretrial inserts pursuant to the court’s order prevented her from prosecuting her case, pointing out that the plaintiff could have filed a motion to compel the defendant’s pretrial inserts. [Willey v. Roberts, 95-1037 (La. App. 1 Cir. 12/15/95), 664 So.2d 1371.]
• The Louisiana Supreme Court also rejected arguments that a plaintiff was prevented from prosecuting her case against a defendant in the trial court while her appeal of a dismissal of another defendant was pending. The court reasoned that the plaintiff's cause of ac-. tion against the defendant in the trial court was not implicated in the appeal, and she was not prevented from prosecuting that action because of the pending appeal involving the other defendant. [James v. Formosa Plastics Corp., 01-2056 (La. 4/3/02), 813 So.2d 335.]
Juneau & Moncla, 63 La. L. Rev. at 366-68.

. The Johnson case involved a unique factual scenario. There, the plaintiffs sued to collect a reward for providing information leading to the arrest and conviction of a triple homicide suspect. The reward notice read as follows: " ‘[i]n order to receive payment for the reward, the person or persons responsible for the crime must be convicted of the crimes, unless the Sheriff makes a finding, in his sole discretion, of impossibility of conviction due to the death or incapacity of such person or persons.'” Johnson, 06-1179 at p, 3, 951 So.2d at 499. Although the suspect that the plaintiffs identified was convicted, the Louisiana Supreme Court reversed the conviction. Given the district attorney had the sole discretion of whether to retry the suspect, the appellate court held that the plaintiffs’ failure to prosecute their action was caused by circumstances beyond their control and that the Plaintiff-Oriented Exception applied.

. See also Roy v. Belt, 13-1116, pp. 8-9 (La. App. 3 Cir. 10/8/14), 149 So.3d 957, 963 (holding that "the death of Judge Polk [the trial judge] and subsequent issue concerning which judge had the authority to hear the case did not create a circumstance out of the plaintiffs’ control” and noting that the subsequent trial judge pointed out that "any party could have asked him if he was the appropriate judge, and he would have written to the supreme court.”).

. See also Countrywide Home Loans, Inc. v. Estate of Rowe, 51,489, pp. 13 (La. App. 2 Cir. 6/21/17), 224 So.3d 1152, 1157, 2017 WL 2665122 at *6 (holding that ''[sjuits dismissed for want of prosecution do not decide any issues in controversy, do not form the basis of res judicata, and are therefore presumptively to be dismissed without prejudice.”).