QUETA L. GUIDRY      *      NO. 2024-CA-0046

VERSUS      *

     COURT OF APPEAL

MARLIN GUSMAN, IN HIS      *
OFFICIAL CAPACITY AS THE      FOURTH CIRCUIT
SHERIFF FOR THE PARISH      *
OF ORLEANS, CHARLES J. J.      STATE OF LOUISIANA
MCGOVERN AND ABC      * * * * * * *
INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-09835, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Anthony L. Marinaro
ATTORNEY AT LAW
1538 Short Street
New Orleans, LA 70118

         COUNSEL FOR PLAINTIFF/APPELLANT

Tracey J. Comeaux
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

         COUNSEL FOR DEFENDANT/APPELLEE

JUDGMENT VACATED;
REMANDED WITH
INSTRUCTIONS
JULY 26, 2024

Appellant/Plaintiff, Queta L. Guidry (hereinafter "Ms. Guidry"), seeks review of the trial court's September 19, 2023 judgment granting the motion to dismiss on grounds of abandonment filed by Appellees/Defendants, Marlin Gusman, in his official capacity as the Sheriff for the Parish of Orleans, and Charles McGovern.[1] After consideration of the record before this Court and applicable law, we vacate the trial court's judgment and remand the matter to the trial court with instructions.

## Facts and Procedural History

On October 17, 2013, Ms. Guidry filed a petition for damages naming the following defendants: Marlin Gusman, in his official capacity as Sheriff for the Parish of Orleans; Charles McGovern (hereinafter "Mr. McGovern"); and ABC Insurance Company. The petition alleges Mr. McGovern was operating a vehicle owned by the Sheriff for the Parish of Orleans when he negligently collided with Ms. Guidry's vehicle causing her injuries.[2]

---

[1] Throughout the record before this Court, the Appellant/Plaintiff is identified as both Queta L. Guidry and Quenta L. Guidry. A review of the original petition identifies the Appellant/Plaintiff as Queta L. Guidry. Thus, this opinion will address Appellant/Plaintiff as Queta L. Guidry.

[2] At the time of the accident, Mr. McGovern was a deputy for the Sheriff for the Parish of Orleans.

The Sheriff for the Parish of Orleans, on behalf of Sheriff Gusman and Mr. McGovern (hereinafter collectively "the Sheriff's Office"), filed a joint answer to the petition. Although the parties engaged in discovery and motion practice until 2019, germane to this appeal is Ms. Guidry's December 30, 2019 motion to set a pre-trial conference. On January 9, 2020, the trial court issued a notice of status conference scheduling the pre-trial conference for February 11, 2020.

On February 10, 2023, Ms. Guidry filed a second motion to set a pre-trial conference. The trial court subsequently issued a notice of status conference on February 24, 2023 scheduling the pre-trial conference for March 14, 2023. However, prior to the status conference, the Sheriff's Office filed an *ex parte* motion to dismiss the suit on grounds of abandonment. The Sheriff's Office argued the suit is abandoned under La. C.C.P. art. 561 as neither party has taken a "step" in litigation since January 9, 2020.[3] Ms. Guidry opposed the motion arguing the following: (1) the motion filed by the Sheriff's Office failed to meet the procedural requirements of La. C.C.P. art. 561(A)(3);[4] (2) a pre-trial conference

_____

[3] The record and the trial court's reasons for judgment indicate the Sheriff's Office originally fax filed the motion on March 13, 2023; however, the Sheriff's Office failed to timely submit the pleading. The motion was refiled on May 16, 2023.

The Louisiana Legislature revised La. C.C.P. art. 561 during the 2023 Regular Session, with an effective date of August 1, 2023. However, the Sherriff's Office filed its motion to dismiss in May 2023. Thus, the trial court properly applied the pre-amendment versions enacted by Acts 2007, No. 361 § 1, effective August 26, 2010.

[4] La. C.C.P. art. 561(A)(3), effective August 26, 2010, provides,

> [t]his provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

The Sheriff's Office later supplemented its motion to dismiss with the supporting affidavit required under La. C.C.P. art. 561(A)(3).

2

occurred on February 11, 2020; and (3) a pre-trial conference set for April 11, 2020 was "upset" by the COVID-19 pandemic.[5]

After a contradictory hearing, the trial court took the matter under advisement and reduced a judgment to writing on September 19, 2023 granting the motion to dismiss the suit as abandoned under La. C.C.P. art. 561. This devolutive appeal followed.

## <u>Standard of Review</u>

"Whether a suit has been abandoned is a question of law." *Juengain v. Tervalon*, 2017-0155, p. 4 (La.App. 4 Cir. 7/26/17), 223 So.3d 1174, 1178 (citations omitted). Questions of law are reviewed under the *de novo* standard of review. *Id.* (citations omitted). An appellate court must determine "whether the lower court's interpretative decision is legally correct." *Id.*, 2017-0155, p. 5, 223 So.3d at 1179 (citations omitted).

## <u>Discussion</u>

On appeal, Ms. Guidry asserts one assignment of error. She maintains the trial court erred in granting the motion to dismiss the suit as abandoned under La. C.C.P. art. 561.

When a party takes a formal action, before the trial court, to hasten the matter to judgment or takes a deposition with or without formal notice – the party takes a "step" in the prosecution or defense of a case. *Jones v. Foti*, 2023-0089, p. 4 (La.App. 4 Cir. 10/17/23), 376 So.3d 947, 951 (citation omitted). If the parties fail "to take any step in its prosecution or defense in the trial court for a period of

---

[5] Ms. Guidry filed her opposition on March 16, 2023, in response to the fax sent by the Sheriff's Office three days prior. She later filed a supplemental opposition that was deemed untimely and not taken into consideration by the trial court because it was filed six days before the trial court's contradictory hearing.

three years, an action, other than a succession proceeding, is deemed abandoned." *Jones*, 2023-0089, p. 4, 376 So.3d at 951 (quoting La. C.C.P. art. 561) (citation omitted). Our Supreme Court has set forth specific guidelines in determining whether or not a case is abandoned:

> [f]irst, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

*Id.,* 2023-0089, p. 5, 376 So.3d at 951 (quoting *Clark v. State Farm Mut. Auto Ins. Co.*, 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784.). Nonetheless, "La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." *Jones*, 2023-0089, p. 5, 376 So.3d at 951 (citation omitted).

Ms. Guidry argues that a pre-trial conference was held by phone on February 11, 2020, and constitutes a "step" in the prosecution of this case. She maintains that she moved for a second pre-trial conference on February 10, 2023, which interrupts the accrual of the three year abandonment period under La. C.C.P. art. 561. Conversely, the Sheriff's Office denies that a pre-trial conference occurred and submits that the court record is void of proof that the conference occurred.

The record reflects that Ms. Guidry filed a motion to set a pre-trial conference on December 30, 2019. The motion is unequivocally a "step" in the prosecution or defense of this case. This Court has determined that the date in which a pre-trial conference occurs constitutes a "step" in the prosecution or defense of a case as it requires the parties' intent to progress a case towards trial. *See Heirs of Simoneaux v. B-P Amoco*, 2013-0760, pp. 4-5 (La.App. 4 Cir. 2/5/14),

4

131 So.3d 1128, 1131. Based upon the arguments of the parties, we find the dispositive issue before this Court is whether or not the pre-trial conference was held on February 11, 2020, which would therefore constitute the last "step" in the prosecution of this case.

In support of her position, Ms. Guidry filed an affidavit attesting that a pre-trial conference occurred on February 11, 2020. During the hearing on the motion to dismiss, the trial court posed the following question to counsel for the Sheriff's Office:

> "Let me ask you this, sir. How do you — because our internal notes state that the conference did take place and that the matter was continued for 60 days. How do you respond to that?"

Counsel for the Sheriff's Office did not directly answer the trial court's question, rather counsel maintained the record was void of proof of the pre-trial conference. After taking the case under advisement, the trial court agreed with the Sheriff's Office and concluded there was no evidence in the record to indicate a pre-trial conference occurred on February 11, 2020. The trial court determined the matter was abandoned as of December 30, 2019 — the date in which Ms. Guidry filed a motion to set a pre-trial conference.[6] However, the trial court's judgment is inapposite to its comments at the hearing on the motion to dismiss. Considering the conflict between the trial court's statement on the record and the judgment, we are unable to decipher whether a hearing occurred on February 11, 2020.

---

[6] We note the trial court's reasons for judgment indicate no pre-trial conference took place on February 11, 2020. However, this court is tasked with reviewing a trial court's judgment not its reasons for judgment. *Wooley v. Lucksinger*, 2009-0571, pp. 77-78 (La. 4/1/11), 61 So.3d 507, 572 (also noting that "written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed.") (citations omitted).

A *de novo* review requires this Court to re-determine the facts from the entire record, decide on the merits of the case and make an independent determination on which party should prevail. *Latour v. Steamboats, LLC*, 2023-00027, p. 17 (La. 10/20/23), 371 So.3d 1026, 1040-41 (citations omitted). Given the dispositive issue — whether a "step" in the prosecution of this case occurred on February 11, 2020 — and the conflicting nature of the record, we are unable to make an independent determination of which party should prevail in this matter. *See id.*, 2023-00027, p. 17, 371 So.3d at 1041. As such, this Court is prevented from conducting a *de novo* review and reaching the merits of Ms. Guidry's appeal. *See generally Ferrell v. Fireman's Fund Ins. Co.*, 1994-1252, p. 7 (La. 2/20/95), 650 So.2d 742, 747 (finding this Court is tasked with completing a *de novo* review when the record is complete). Further, jurisprudence provides that La. C.C.P. art. 561 is to be construed liberally and in favor of maintaining a suit. *See Clark*, 2000-3010, p. 8, 785 So.2d at 785. A suit is only dismissed under the abandonment article when a party has clearly demonstrated an intent to abandon the case. *See id.*, 2000-3010, pp. 8-9, 785 So.2d at 785 (citation omitted). La. C.C.P. art. 561 was never intended to dismiss a case unless a plaintiff unequivocally exhibits an intent to abandon the action. *See id.*, 2000-3010, pp. 8-9, 785 So.2d at 785-86 (citation omitted). The record before this Court is not complete and we are unable to determine whether the parties demonstrated an intent to abandon this case. Accordingly, we decline to conduct a *de novo* review and vacate the trial court's judgment. We remand the case and instruct the trial court to hold a new trial to

determine if any internal records establish that a pre-trial conference was held on February 11, 2020. *See* La. C.C.P. arts. 254 and 256.[7]

## **Decree**

Based on the foregoing, the trial court's September 19, 2023 judgment granting the motion to dismiss the case as abandoned is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT VACATED;
REMANDED WITH
INSTRUCTIONS**

---

[7] La. C.C.P. art. 254 provides,

> A. In addition to other record books required by law, each court shall keep docket and minute books.
> B. The clerk of the court shall enter in the docket book the number and title of each action or proceeding filed in the court, the date of filing of the petition, exceptions, answers, and other pleadings, and the court costs paid by and the names of counsel of record for each of the parties.
> C. All orders and judgments rendered, all motions made, all proceedings conducted, and all judicial acts of the court during each day it is in session shall be entered in the minute book.
> D. An electronic record of the minutes which is not capable of alteration without indication that a change has been made may be maintained in lieu of a written entry.

La. C.C.P. art. 256 provides in pertinent part,

> The minute clerk of a court shall keep the minutes of the court daily when in session and transcribe them into the minute book, as required by Article 254; shall file all pleadings and documents tendered for filing in open court; and shall perform such other duties as are assigned to him by law, the court, and the clerk with the approval of the court.