CHARLES R. JONES, Judge.
1 Appellants, Michael Brinks and Eugene Golizio, appeal the district court’s judgment denying their motion to dismiss on grounds of abandonment. For the reasons set forth below, we reverse and remand.
In 1997, the Appellee, London Livery, Ltd., initiated this action for defamation and unfair trade practices against the defendants, two of its former employees. The only issue before the Court at that time was whether London Livery’s action should be deemed abandoned pursuant to La. C.C.P. art. 561.
In their motion to dismiss on the grounds of abandonment, Appellants asserted that more than three years lapsed between December 9, 2002, and December 22, 2006, without any steps taken in the prosecution or defense of the claim. The record reflects the following: 1) December 9, 2002, London Livery filed a request for notice; 2) May 5, 2005, David Halpern enrolled as counsel of record for London Lively; and on 3) December 22, 2006, Reginald Laurent, enrolled as attorney of record and requested a status conference on behalf of London Livery.
The Appellants originally filed an ex parte motion to dismiss on grounds of abandonment in June of 2007. The motion to dismiss was denied on July 27, 2007. | gHowever, the district court’s clerk of court did not mail a notice of the order of denial until November 15, 2007. In the interim, the Appellants re-urged their motion to dismiss on September 6, 2007, and the matter was set for hearing on November 2, 2007. The district court denied the motion to dismiss from the bench. This timely devolutive appeal follows.
In their sole assignment of error, the Appellants assert that the district court erred in denying the motion to dismiss due to abandonment.
DISCUSSION
Whether an action has been abandoned is a question of law. Olavarrieta v. St. Pierre, 2004-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. This Court has held that with regard to abandonment actions pursuant to La. C.C.P. art. 561, the *15 standard of review of the appellate court is simply to establish whether the lower court’s interpretive decision is correct. Escoffier v. City of Neiv Orleans, 2006-1005, p. 2 (La.App. 4 Cir. 4/11/07), 957 So.2d 216, 218.
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561. In the present case, the only step that occurred between December 9, 2002, and December 22, 2006, was the May 5, 2005 motion to enroll as counsel of record filed on behalf of London Livery. However, as the Appellants correctly point out, it is well established that motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561. Brumfield v. McElwee, 2007-0548, p. 2 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 237.
Since the May 5, 2005 motion to enroll cannot be considered a step in the prosecution or defense of an action, this date cannot be considered. The next filing | ;idate is December 22, 2006, wherein London Livery filed a motion to enroll counsel and a request for status conference. The time period between December 9, 2002, and December 22, 2006, is over three years. Because nothing was filed by either party within the legislatively prescribed period, the action is abandoned.
In opposition to the motion to dismiss, London Livery relies on the jurispru-dentially created exception to La. C.C.P. art. 561 concerning a defendant’s post-abandonment conduct. This exception holds that an otherwise abandoned cause of action may be ineligible for a claim of abandonment, either before or after the three-year period elapses, “when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.” Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010, p. 7 (La.5/15/01), 785 So.2d 779, 785.
In May of 2007, Appellants filed a motion for extension of time to respond to plaintiffs first supplemental petition. The motion was denied on May 29, 2007. A second motion for extension of time filed by Appellants on September 10, 2007, was granted. London Livery maintains that the motions for extension of time created an exception to article 561, thereby serving as a waiver to Appellants’ right to plead abandonment.
Louisiana jurisprudence does recognize that certain actions taken by a defendant after the accrual of the abandonment period can constitute a waiver of the right to have a case dismissed for abandonment. Id.; Brown v. Michaels Stores, Inc., 2007-0772, p. 3 (LaApp. 5 Cir. 2/19/08), 980 So.2d 62, 64; Thibaut Oil Co., Inc. v. Holly, 2006-0313, p. 7 (La.App. 1 Cir. 2/14/07), 961 So.2d 1170, 1174; Slaughter v. Arco Chem. Co., 2005-0657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387; In Re Succession of Wright, 37,670, p. 6 (La.App. 2 Cir. 9/24/03), 855 _|_ So.2d 926, 930. However, the waiver exception to article 561 has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant’s willingness or consent to achieve judicial resolution of the dispute. Satterthwaite v. Byais, 2005-0010, p. 4 (La.App. 1 Cir. 7/26/06), 943 So.2d 390, 393.
Addressing the abandonment exception, the Clark Court explained:
An inherent distinction has been noted between a plaintiffs acts in relation to abandonment and those of a defendant. *16 Unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant’s post-abandonment actions can serve to waive his right to plead abandonment. “Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit.” Maraist & Lemmon, supra § 10.4 at 243. “No ‘definite action’ by a plaintiff or inaction by a defendant after accrual of the [three-]year period can be construed as a waiver of abandonment by the defendant, although a defendant by ‘definite action’ may waive the abandonment.” Middleton, 526 So.2d at 860.
Clark, 2000-3010, at p. 15, 785 So.2d at 789. The Supreme Court in Clark further noted that the waiver analysis is consistent with the abandonment policy “dictating that courts consider substance over form” and that it is the “qualitative effect of the defendant’s conduct” that matters in waiver analysis, regardless of the form or formality that conduct may take. Id. at pp. 20-21, 785 So.2d at 792-93.
The following post-abandonment actions by a defendant have been found to constitute a waiver: Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983) (submission of a case for decision); Bell v. Kreider, 2004-0594 (La.App. 5 Cir. 11/30/04), 890 So.2d 648 (filing an answer to a supplemental petition); Production Specialties v. Century Oil Tool Co., 602 So.2d 163 (La.App. 3 Cir.1992) (filing an answer and reconven-tional demand); Seagrave v. Dean, 98-1295 _|5_(La.App. 1 Cir. 7/6/99), 739 So.2d 923 (participation in a status conference and signing a case management schedule).
In the present case, Appellants argue that there is no basis to hold that their motion for extension of time in which to plead was a step in defense of the main demand. We agree.
Courts have generally held that a motion for an extension of time is not an article 561 step towards prosecution of a case because it is not deemed to be an action taken to hasten judgment. Campbell v. Hartford Ins. Co., 95-1484 (La.App. 3 Cir. 4/3/96), 671 So.2d 1133; Donald G. Lambert Contractor, Inc. v. State, 577 So.2d 341, 342 (La.App. 1 Cir.1991). Moreover, as the Supreme Court stated in Chevron, 436 So.2d at 532-33, a motion that grants to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but does not itself hasten the matter to judgment, is not an article 561 “step.”
For the foregoing reasons, we find that London Livery’s action was abandoned due to the parties’ failure to take any step towards resolution of the dispute for a period of three years. Moreover, we conclude that Appellants’ motion for extension of time in which to plead did not serve as a waiver to the plea of abandonment under the jurisprudentially created exception to La. C.C.P. art. 561.
DECREE
The trial court erred in denying Michael Brinks’ and Eugene Golizio’s motion to dismiss on the grounds of abandonment. Accordingly, the judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this ruling.
REVERSED AND REMANDED.