JENKINS, J.,
dissents with reasons.
hi respectfully dissent. I do not agree with the majority’s finding that “the last step in the prosecution was the trial court’s July 19, 2011 order continuing the trial.” For reasons I previously discussed in dissent to this Court’s decision in Heirs of Simoneaux v. B-P Amoco, 13-0760 (La.App. 4 Cir. 2/5/14), 131 So.3d.1128, I do not find that a continuance without date constitutes a step in the prosecution of a case; it does not hasten the case toward trial and judgment. Moreover, I find this Court’s reasoning and holdings in the instant case, as well as Heirs of Simoneaux and Dean v. Delacroix Corp., 12-0917 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, conflict with our sister circuits and this Court’s own prior caselaw. See Bourg v. Entergy La., L.L.C., 12-829, p. 5 (La.App. 5 Cir. 4/10/13), 115 So.3d 45, 49 (holding that a motion to continue a hearing was not a cognizable step preventing abandonment because a continuance does not hasten a case towards judgment); Hutchinson v. SeaRiver Mar., Inc., 09-0410, pp. 6-7 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 993-94, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946 (“[a] joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment.”); Campbell v. Hartford Ins. Co. of the Midwest, 95-1484, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d |21133, 1135 (holding neither a motion nor an order for an extension of time constituted a step within the meaning of La. C.C.P. art. 561); London Livery, Ltd. v. Brinks, 08-0230, p. 5 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 16 (holding a motion for extension of time is not a step toward prosecution of a case because it is not an action taken to hasten judgment.).
*798 In this case, I find that the last step taken by any party to hasten the case toward trial and judgment was the setting of the trial date; following a pretrial status conference, the trial court issued the trial scheduling order on August 24, 2010. This order reflects all parties’ agreement to take a step toward trial. Neither party took another step in prosecution or defense of the case until September 9, 2013, when plaintiffs filed a motion to set scheduling conference and set a date for trial. Plaintiffs’ motion to continue the trial without date, filed on July 7, 2011, was not a step in prosecution of the case or an action to hasten the case toward trial; nor does the trial court’s order granting the continuance without date constitute a step by any party to hasten the case toward trial. A continuance without date signals an indefinite delay of trial rather than a step toward trial.
The record reflects that neither party took a step in prosecution or defense of the case between August 24, 2010 and September 9, 2013, a period of more than three years. Pursuant to La. C.C.P. art. 561, abandonment occurs automatically upon the passing of three years without a step being taken by either party. See Clark v. State Farm Mut. Auto Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. Consequently, this action was abandoned prior to September 9, 2013. Therefore, I would affirm the trial court judgment granting defendant’s motion to dismiss for abandonment.
For the above stated reasons, I dissent.