MARK A. JONES          *       NO. 2023-CA-0089

VERSUS               *

                             COURT OF APPEAL

CHARLES C. FOTI, JR. IN HIS    *

OFFICIAL CAPACITY AS THE            FOURTH CIRCUIT

CRIMINAL SHERIFF FOR          *

THE PARISH OF ORLEANS,         STATE OF LOUISIANA

THE OFFICE OF THE         * * * * * * *

CRIMINAL SHERIFF FOR

THE PARISH OF ORLEANS,

ANY UNIDENTIFIED

CRIMINAL SHERIFF

DEPUTY(S), THE LOUISIANA

DEPARTMENT OF PUBLIC

SAFETY AND CORRECTIONS,

ET AL.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2003-16066, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Dominic N. Varrecchio
1539 Jackson Avenue
Suite 100
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Tracey J. Comeaux
Isaka R. Williams
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE

                                 **AFFIRMED**
                                 **OCTOBER 19, 2023**

Plaintiff/Appellant, Mark Jones (hereinafter "Mr. Jones") seeks review of the trial court's judgment granting a motion to dismiss filed by Appellee/Defendant, Orleans Parish Sheriff's Office. After consideration of the record and applicable law, we affirm the trial court's October 20, 2022 judgment.

### Facts and Procedural History

On October 24, 2003, Mr. Jones, an inmate at Orleans Parish Prison, filed a petition for damages naming the following defendants: Charles Foti, in his official capacity as the Criminal Sheriff for Orleans Parish; the Orleans Parish Sheriff's Office; a fellow inmate, Cedric Doody; and the Louisiana Department of Corrections (hereinafter "the DOC"). Along with the petition, Mr. Jones filed an application to proceed *in forma pauperis*. The petition alleges negligence on behalf of Charles Foti and the Orleans Parish Sheriff's Office, which Mr. Jones maintains resulted in his injuries.[1] Mr. Jones requested service of the petition on all named defendants.

---

[1] According to the petition, Mr. Jones suffered a cracked skull, a brain injury, and partial paralysis.

On December 17, 2003, Charles Foti filed an answer to the petition. On the same date, the Orleans Parish Sheriff's Office made a limited appearance for the sole purpose of filing an exception of no cause of action.[2] On January 29, 2004, the DOC filed a request for notice of all pleadings, orders, and hearings in this matter. On February 3, 2004, the DOC filed a motion for extension of time to file responsive pleadings and on February 19, 2004 filed a motion to vacate service and enforce an automatic stay of the proceedings. The DOC asserted that because Mr. Jones failed to pay filing fees as required by La. R.S. 15:1186(B)(2)(a), service was improper and an automatic stay of the proceedings was required.[3] On March 1, 2004, the trial court granted the DOC's motion to vacate and stayed the proceedings. The parties proceeded with the matter and conducted discovery between May 17, 2013 and April 26, 2016.

On April 5, 2019, Mr. Jones filed an ex parte motion to lift the stay order and further prosecute "his claims against those remaining defendants… ."[4] On April 8, 2019, the Orleans Parish Sherriff's Office, on behalf of Charles Foti, (hereinafter, collectively "the Sheriff's Office") filed a motion to dismiss the suit on grounds of abandonment. The Sheriff's Office argued the matter should be dismissed for the following reasons: (1) the suit is abandoned pursuant to La. C.C.P. art. 561, as no steps were taken since May 2013 and (2) Mr. Jones' suit

---

[2] The Orleans Parish Sheriff's Office, individually, never filed an answer to Mr. Jones' petition.

[3] La. R.S. 15:1186(B)(2)(a) provides, in part, that "a trial court's granting of a prisoner's request to proceed *in forma pauperis* automatically stays the proceeding" which includes service of process.

[4] Mr. Jones' motion asserts that the DOC was dismissed from the lawsuit however, there is no signed judgment of dismissal in the record. Nonetheless, no action was taken by the trial court regarding Mr. Jones ex parte motion to lift the stay.

should be dismissed, under La. R.S. 15:1186(B)(2)(c), as he failed to pay fees and costs for more than three years from the date in which the fees were incurred.

Mr. Jones opposed the motion on April 8, 2019. He asserted that the Sheriff's Office was involved in discovery from May 17, 2013 to April 26, 2016. Mr. Jones also maintained that he should be allowed to pay his outstanding court fees and costs prior to a dismissal of the suit. On July 9, 2019, the Sheriff's Office filed a rule to show cause regarding the motion to dismiss.[5] No formal actions were taken by either party until June 29, 2022 when Mr. Jones filed an omnibus motion seeking to proceed with all outstanding matters. On August 15, 2022, Mr. Jones filed a second omnibus motion, which was heard September 9, 2022. The trial court reset the hearing to October 14, 2022 in order to take the matter under advisement.[6] On October 20, 2022, the trial court granted the motion to dismiss the suit as abandoned, without prejudice.[7] This appeal followed.

---

[5] The rule to show cause order was signed July 23, 2019 and the trial set a hearing for September 27, 2019. The trial court noted that the matter did not proceed due to a lack of service.

[6] Prior to the October 14, 2022 hearing, the trial court agreed to consider the matter on briefs.

[7] "For a judgment to be a 'valid final judgment,' it must contain specific decretal language." *Urquhart v. Spencer*, 2015-1354, p. 3 (La.App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (citation omitted). In the absence of the necessary decretal language, the judgment is not final and appealable. *Tsegaye v. City of New Orleans*, 2015-0676, p. 3 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 710. A judgment contains decretal language if it names "the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 2014-0506, p. 3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910. In cases involving multiple defendants, in order for the judgment to be valid, it must name the particular defendant cast in judgment. *Urquhart*, 2015-1354, p. 4, 204 So.3d at 1077. Usually, the use of the word "Defendants" renders a judgment defective as it is difficult to discern against whom the judgment is enforced. *Id.*, 2015-1354, p.4, 204 So.3d at 1078. Applying these principles, we can discern against whom and in favor of whom the judgment is rendered. In this matter, although there are three named defendants, action against two did not proceed and only the Sheriff's Office filed responsive pleadings. Although the judgment uses the term "Defendant," we can ascertain that the Sheriff's Office is the party in favor of whom the judgment is rendered. Accordingly, we find the October 20, 2022 judgment contains sufficient decretal language and is therefore a valid appealable judgment.

## Standard of Review

"Whether a suit has been abandoned is a question of law." *Juengain v. Tervalon*, 2017-0155, p. 4 (La.App. 4 Cir. 7/26/17), 223 So.3d 1174, 1178. This Court reviews a question of law under the *de novo* standard of review. *Id.* "The question the appellate court must decide is simply whether the lower court's interpretative decision is legally correct." *Id.*, 2017-0155, p. 5, 223 So.3d at 1179 (citation omitted).

## Discussion

On appeal Mr. Jones collectively asserts that the trial court erred in dismissing his suit as abandoned pursuant to La. C.C.P. art. 561 and La. R.S. 15:1186(B)(2)(a). We address each in turn.

### La. C.C.P. art. 561

Mr. Jones avers the trial court erred in granting the motion to dismiss the suit as abandoned pursuant to La. C.C.P. art. 561.[8] "[W]hen the parties fail to take any step in its prosecution or defense in the trial court for a period of three years" an action, other than a succession proceeding, is deemed abandoned. La. C.C.P. art. 561(A)(1); *Juengin*, 2017-0155, p. 5, 223 So.3d at 1179. "A party takes a 'step' in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice." *James v. Formosa Plastics Corp. of Louisiana*, 2001-2056, p. 4 (La. 4/3/02), 813 So.2d 335, 338.

---

[8] The Louisiana Legislature revised La. C.C.P. art. 561 during the 2023 Regular Session, with an effective date of August 1, 2023. However, since the Sheriff's Office filed its motion to dismiss Mr. Jones' suit as abandoned on April 8, 2019, the trial court properly applied the pre-amendment version, enacted by Acts 2007, No. 361 §1, effective August 26, 2010.

Our Supreme Court has set forth the following guidelines to determine whether or not a case is abandoned:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. La. C.C. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 2011-0912, p. 5 (La. 12/6/11), 79 So.3d 978, 981-82.

Mr. Jones asserts that the rule to show cause order, filed by the Sheriff's Office on July 9, 2019, should be deemed a "step" in the litigation to preclude abandonment. He contends that this step by the Sheriff's Office waived its ability to assert abandonment because the action is inconsistent with an intent to treat the case as abandoned. Thus, according to Mr. Jones the matter is not abandoned. We find this argument unpersuasive.

The record reveals that no formal action took place for more than three years between April 8, 2019---the date the Sheriff's Office filed a motion to dismiss the suit as abandoned---and June 29, 2022 when Mr. Jones filed the first omnibus motion. Therefore, we find Mr. Jones' suit is abandoned on its face. Although abandoned on its face, we must consider whether any of the exceptions to abandonment apply. The exceptions to La C.C.P. art. 561 provides:

> (1) a plaintiff-oriented exception, based on *contra non valentem,* that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and

5

(2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

*Clark*, 2000-3010, p. 7, 785 So.2d at 784-85. "These two exceptions reflect the distinction the jurisprudence has drawn between the post-abandonment actions of a plaintiff and a defendant." *Juengin*, 2017-0155, p. 8, 223 So.3d at 1181. With these exceptions in mind, we find the central issue before this Court is whether either exception applies to Mr. Jones' suit. *See Food Perfect, Inc. v. United Fire & Cas. Co.*, 2012-2492, p. 1 (La. 1/18/13), 106 So.3d 107, 108.

Mr. Jones submits that the "Defendant Exception," a jurisprudentially created exception, applies to the facts of this case. The "Defendant Exception" "has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant's willingness or consent to receive judicial resolution of the dispute." *London Livery Ltd. v. Brinks*, 2008-0230, p. 4 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 15. Thus, waiving a defendant's right to assert an abandonment claim. *See Id.*, 2008-0230, pp. 4-5, 3 So.3d at 15-16. This Court has deemed the submission of a case for decision; filing an answer to a supplemental petition; filing an answer and reconventional demand; participation in a status conference and signing a case management schedule as post abandonment actions taken by a defendant to constitute as a waiver. *London Livery Ltd.*, 2008-0230, pp. 4-5, 3 So.3d at 16 (internal citations omitted).

There is no evidence of any action taken by the Sheriff's Office that would preclude abandonment of this suit pursuant to La. C.C.P. art. 561 or its jurisprudential exception known as the "Defendant Exception." A motion to set a rule to show cause regarding a motion to dismiss a matter as abandoned is not a "step" by the defendant to "facilitate judicial resolution of the dispute on the merits of the case." *See London Livery Ltd,* 2008-0230, pp. 4-5, 3 So.3d at 15-16. (for the proposition that a motion for an extension of time in which to plead failed to serve as a waiver to a defendants rights to an abandonment claim). The filing of the motion to set a rule to show cause is insufficient to constitute a step in the prosecution or defense of the case to further hasten the matter to judgment on the merits. No steps were taken to facilitate the judicial resolution of the suit for a period of three years. Accordingly, the trial court did not err in granting the motion to dismiss the suit pursuant to La. C.C.P. art. 561 as no "steps" in the litigation were taken, by either party, from April 8, 2019 to June 29, 2022.

***La. R.S. 15:1186***

Next, we address Mr. Jones second assignment of error that his suit was not abandoned under La. R.S. 15:1186. La. R.S. 15:1186(B) provides, in pertinent part:

> (2)(a) The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.
>
> ***
>
> (2)(c) If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice.

The record reflects that Mr. Jones failed to pay the court costs and fees within three years. In its motion to dismiss the suit as abandoned, the Sheriff's Office submitted an affidavit certifying that Mr. Jones' outstanding balance was $306.00. Mr. Jones concedes that he failed to pay courts fees and costs pursuant to La. R.S. 15:1186. By Mr. Jones' owned admission, he did not pay his outstanding court fees and costs until April 2019. Thus, the trial court did not err in granting the motion to dismiss the suit as abandoned, pursuant to La. R.S. 15:1186(B)(2)(c), because Mr. Jones failed to pay $306.00 within three years of incurring the court fees and costs.

## Conclusion

This Court finds that Mr. Jones' suit was abandoned as both parties failed to take steps towards a resolution of the dispute for a period of three years. *See London Livery, Ltd.*, 2008-0230, p. 5, 3 So.3d at 16. We conclude that the Sheriff's Office filing of a rule to show cause order regarding its motion to dismiss the suit as abandoned does not constitute a waiver to the plea of abandonment under the "Defendant Exception." Further, we find that Mr. Jones failed to pay court fees and costs for a period of three years after the fees were incurred, in violation of La. R.S. 15:1186. As such the trial court did not err in granting the motion to dismiss the suit as abandoned.

## Decree

For the foregoing reasons, the trial court's October 20, 2022 judgment granting the motion to dismiss the lawsuit as abandoned is affirmed.

**AFFIRMED**